# CASES

# SUPREME JUDICIAL COURT

IN

THE COUNTY OF CUMBERLAND, APRIL TERM, 1833.

---

## DUNN *vs.* WHITNEY.

The books of a plaintiff accompanied by his oath, are insufficient proof of a charge of $26 in money ;—the sum of *forty shillings*, or $6,67, is the extent that Courts have permitted to be proved in this way.

Nor is it competent for a plaintiff by his books and oath, to prove the defendant, his agent—the delivery of goods to him in that capacity,—and an agreement to sell and account.

This was an action of *assumpsit* for the price of certain lottery tickets, as per account annexed to the writ, which was as follows, viz. : —

|  |  |  |  |
|---|---|---|---|
| " 1826, *Dec.* 28, To tickets, |  |  | $29, 00 |
| " 1827, *Jan.* 15, " tickets, |  |  | 29, 00 |
| " " *Feb.* 13, " tickets, |  |  | 29, 00 |
|  |  |  | $87, 00 |

### Cr.

| | | | | |
|---|---|---|---|---|
| " 1827, *March* 27, By return tickets, $48, 48 | | | | |
| " 1828, *Jan.* By do. do. 12, 22 | | | | $60, 70 |
| " Balance due, | | | | $26, 30" |

The writ contained one count of *indebitatus assumpsit* referring to the account annexed, and another of *quantum valebant* for the value of the tickets. Plea, the general issue.

The plaintiff to support his charges, offered his account books in evidence, accompanied by his oath. The entries in his daybook were as follows : —

" 1826, *Dec.* 23, Joseph Whitney Dr. to 8 tickets, *a* $3,63   $29

" 1827, *Jan.* 13,     "       "     Dr. to 8 tickets,     "     29

"     "   *Feb.* 13,     "       "     Dr. to 8 tickets,     "     29"

The defendant objected to the admissibility of the books to support these charges, but *Whitman C. J.* in the Common Pleas, where the cause was tried, overruled the objection, and admitted them.

The defendant objected further, that the charges of *Dec.* 23, and *Jan.* 13, were inadmissible to support the first and second items in the account annexed to the writ ; being of different dates. Whereupon the plaintiff moved for leave to amend the account annexed, by altering the date of *Dec.* 28, to *Dec.* 23 ; and by altering the date of *Jan.* 15, to *Jan.* 13 ; which the defendant opposed as being a new cause of action, and as against law. But the Judge allowed the account to be so amended.

The plaintiff being examined under oath, stated that the defendant *acted as his agent, and was to sell and account for the tickets at the price charged, except such of them as he might return before the drawing of the lottery ;* and that he put the several parcels of tickets into letters and sent them to the defendant by mail, for sale on the terms aforesaid.

And to show that he received them, he offered in evidence the defendant's letter to him, dated at *Calais, March* 16, 1827, in the following words : " Sir, I enclose to you the remaining " parts of tickets that I have not·sold which you sent to me " of the tenth and eleventh classes. The lot of tickets of the " ninth class you sent to me, I put into the hands of another " person to sell, and I believe he sold the lot together, and as " soon as I receive the money I will send it to you. The de- " mand for tickets in this place is so trifling I should not think

Dunn v. Whitney.

" it worth while to send any more. I will send you the amount " sold as soon as I can get western money."

The defendant upon this evidence, objected that here was no proof of any contract of sale, and that therefore the plaintiff could not recover. The plaintiff then moved for leave to file a new count for money had and received, which the defendant opposed as illegal and introducing a new cause of action, the plaintiff having charged him as purchaser of the tickets, and not as receiver of his monies as agent. But the Judge permitted the amendment.

There was evidence on the part of the defendant tending to show a payment to the plaintiff, which was met by opposing testimony introduced by the latter.

The defendant contended that the plaintiff's admission — that he was his agent, was conclusive against the plaintiff in this action. But the plaintiff proved by *Jedediah Dow*, that it was a general usage among lottery ticket venders in *Portland*, to deliver tickets to sub-venders for sale, and to charge them as sold, they having liberty to return all unsold tickets at any time previous to the drawing. And upon all the foregoing evidence the cause was submitted to the Jury, who found a verdict for the plaintiff.

To the foregoing opinions, directions, &c. of the Judge the defendant excepted, and brought the cause up to this Court.

*Greenleaf*, for the defendant, maintained the positions taken by him at the trial in the Court below, and cited, *Selden v. Beale*, 3 *Greenl.* 178; *Clark v. Moody*, 17 *Mass.* 145.

*Longfellow*, for the plaintiff, contended that the books of the plaintiff with his accompanying oath, were sufficient evidence to maintain the charge. It was for " 8 tickets $29." Suppose it had been for " 3 yards of cloth $29." Could there be any valid objection to it? And is not one as proper a subject of book charge as the other? ˙ The general rule is that, when the kind or amount of goods are such, that some other persons beside the seller must be supposed to know of the sale, other evidence than the book would be required; but not otherwise. Tickets are not of this description. They could

be sold and delivered without the aid or assistance of any person but the seller.

The books would be sufficient to prove *the delivery*, even if the defendant took the tickets to sell as agent, or on a commission. The case shows that a custom prevails among lottery venders, that in case of sale, the purchaser shall have a right to return what is unsold. The books were therefore properly admitted to support the charge. How else could it be proved? Will not a decision rejecting this evidence work much mischief? Suppose a delivery of goods in *Boston* to one here, to sell on commission, can any one doubt that the book of the *Boston* merchant with his suppletory oath would be sufficient evidence of the delivery? In *Herman v. Drinkwater*, 1 *Greenl.* 27, the plaintiff was permitted to make affidavit without a book, to identify articles delivered to the defendant. Surely that is a much stronger case than this.

But it is objected to the maintenance of the action that there was no *sale* — that the defendant took the tickets *as agent*. If it be so, the defendant in his letter acknowledges the sale of a part, — that the remainder he had passed over to another to sell for him, — and that that other had sold them. Hence then, the plaintiff's claim may well be supported under the count for money had and received.

The opinion of the Court was delivered by

PARRIS J. — From the exceptions it appears that, originally at the trial in the Court below, the defendant was charged, in appropriate counts, as purchaser of a quantity of lottery tickets, and that, in the progress of the trial, the plaintiff, failing to support these counts, was, on motion, permitted to amend by adding a new one for money had and received.

Under the latter count, the defendant was charged as the agent or factor of the plaintiff in vending the lottery tickets specified in the bill of particulars annexed to the writ. Previous to filing his new count, the plaintiff's books accompanied by his supplementary oath were offered to prove the sale and delivery of the tickets charged. The defendant objected to the admissibility of the books, but the objection was overruled

and they were admitted, supported by the oath of the party offering them. The charges were for tickets, in three separate items of $29 each.

There has, no doubt, been a diversity in practice as to the amount of charge which may be proved in this manner. The general principle of the common law, that the best proof should be produced which the nature of the transaction will admit of, is still adhered to, in all cases, with unyielding pertinacity. But it was early settled that the admission of tradesmen's books, to a certain extent, and fortified by the oath of the party by whom they were kept, was no violation of this salutary principle.

When the tradesman had a clerk who delivered the articles, his testimony was the best evidence, and, if obtainable, could not be dispensed with. In such a case the oath of a party could under no circumstances be received. In *England*, therefore, where trade has for centuries been carried on mostly, if not entirely in large establishments, where disinterested evidence relating to the ordinary business of the tradesman may be easily obtained through the clerks and others by him employed, the oath of the party in support of his books is never admitted. It is not considered the best evidence which can be produced.

But in a country where every tradesman is his own clerk, and from his limited business and profits must necessarily be so, as was generally the case in the early settlement of this country, and still continues to be the case in the new settlements, the sale and delivery of the usual articles of merchandise cannot ordinarily be proved in any other manner than by the books and supplementary oath of the party. Such evidence is considered the best in the power of the party to produce, or which the nature of the case will admit of, and to require more would have a ruinous effect upon his business. Still, however, as the evidence is from the interested party himself and repugnant to the general rules of evidence, it is to be admitted under every possible guard and security, and is never to be received in support of such demands as in their nature afford a presumption that better evidence exists. Whenever it does appear from the nature of the transaction or from disclosures

in the case, that other evidence is obtainable the law requires its production. If the articles were delivered by a clerk, by him must the fact be proved. If delivered to an agent or servant, he is the proper witness. And if sold and delivered in large quantities the presumption is that persons other than the party making the sale would be likely to have knowledge of it, and, therefore, the books of the seller are inadmissible.

The situation and circumstances of trade are gradually becoming such as very much to diminish the reason of the relaxation of the common law rule, and as the reason for the exception ceases, courts will rather restrain than enlarge the exception itself.

It is very questionable whether at this day the case of *Shillaber v. Bingham*, 3 *Dane's Abr.* 321, where the court permitted the sale and delivery of seventy-eight bushels of salt in one item, and one hundred and thirty-two gallons of rum in another, to be proved by the vendor's book and supplementary oath, would be considered as a safe rule. That decision was made more than forty years ago, when, from the mode of doing business, such proof might be the best the nature of the transaction would admit of. At this time, those who deal in merchandise in such large quantities, have clerks and porters by whom their transactions may be proved.

It is thus, that the common law yields to the form and pressure of the age, and the application of the same general principle under different circumstances may produce *apparently* contradictory decisions. Thus the best evidence that could be expected to be produced of the sale and delivery of the merchandise in the case just alluded to, and in similar cases at that day, might be the book and oath of the vendor ; but at this day, in consequence of the improved mode of trade, such proof would not be the best the nature of the transaction would be presumed to afford, and consequently would not be admissible.

The court who decided *Shillaber v. Bingham,* were not given to judicial legislation, nor were they in the habit of trampling on the common law, but they gave it such an application as the peculiar circumstances of the people on whom it was to operate required and justified. Those circumstances have

changed, and consequently the application of the same general principle might produce a different practice.

In the case before us, we are not prepared to say that if the trial had proceeded on the original counts charging a sale, the books would not have been admissible, supported as they were by the oath of the party.

Whether they were or were not admissible under those counts it is not material to decide, as those counts were entirely abandoned, the plaintiff himself testifying that the tickets were not sold, but were entrusted to the defendant as an agent to sell and account therefor.

Having thus destroyed the foundation of his own action, as originally charged, by negativing a sale, the plaintiff then resorts to his new count for money had and received, amounting to twenty-six dollars and upwards in a gross sum. This sum, if regularly charged on his books, could not be proved by the books and oath of the party. No court has gone so far. From *Cleaves'* case in 1782, 3 *Dane's Abr.* 319, to the case of *Union Bank v. Knapp*, 3 *Pick.* 96, a cash charge of forty shillings, or six dollars and sixty-seven cents has been the extent which the court would permit to be proved in this manner.

But if this objection could be obviated, the plaintiff has no charge of cash in his books against the defendant. He has a charge of tickets sold, but his oath does not support the charge, and it is very clear that he cannot be permitted, by his books and oath, to prove the agency of the defendant, and the delivery of the tickets to him as agent, and the agreement to sell and account.

If the cause had been opened upon the new count for money had and received, and the plaintiff and his books had been offered to prove the defendant's agency and the delivery to him of the tickets to sell for and on account of the plaintiff, the existing difficulty in the case would probably never have arisen. They would, no doubt, have been at once excluded. But having been admitted, and perhaps correctly, for the purpose of proving a sale under the original counts, and the plaintiff testifying that there was no sale but an agency, the error was in

permitting that testimony to be applied to the new count for money had and received.

As the cause was tried upon the new count the whole of the plaintiff's testimony and his books, offered and admissible under the old counts charging a sale, but not admissible under the new count, should have been ruled out. The cause was, however, committed to the jury upon the whole evidence, and as the exceptions taken by the defendant, are sufficiently broad to cover the error, we think they must be sustained. It is therefore, unnecessary to discuss the other points made in the argument.

The exceptions are sustained and a new trial ordered at the bar of this court.