CHITTENDEN,
January,
1843.

Hickok &
Catlin
v.
Ridley.

---

### HICKOK & CATLIN v. SAMUEL RIDLEY.

Where money is advanced to the defendant, under an expectation that it will be paid in transportation, thereafter to be done, and to be adjusted upon the defendant's rendering his account, it furnishes a substantive ground of recovery in the book action, if not paid as the parties contemplated.

The continuance of a cause before an auditor is matter of discretion ; and, the county court having accepted the report, and rendered judgment thereon, the party is concluded — the matter resting in the discretion of the court, and not being a matter of error.

THIS was an action of book account. Judgment to account was rendered in the county court, and auditors appointed; who reported, "That on the 23d day of May, 1842, 'the plaintiffs and their attorney, D. A. Smalley, appeared, 'and the defendant's attorney, Mr. Stansbury, also appeared, 'and moved a continuance, on the ground that the defend-

'ant was out of the state at the time of the service of the
'rule, &c. But as it was not made to appear by any posi-
'tive proof, the auditors, under the circumstances, did not
'feel justified in continuing the said cause."

The auditors' report embraced a statement of the plaintiffs'
account, among the items of which were the following :

CHITTENDEN,<br>*January,*<br>1843.<br><br>Hickok &<br>Catlin<br>*v.*<br>Ridley.

November 3, 1836.   Cash,    -    -    -   $40
                    10 bbls. of apples,   -   30

They further stated that, on the 2d of November, 1836,
the plaintiffs delivered to the defendant, who was a common
carrier, certain articles specified in a receipt executed by the
defendant to the plaintiffs of that date, to be transported to
Troy, in the state of New York ; that on the 3d of said No-
vember, the plaintiffs advanced to the defendant the $40
charged in the account ; that, at that time, it was expected
by the parties that said $40 would go in part of the wages
of transportation, and be adjusted on the defendant's tender-
ing his account of said transportation ; that the ten barrels
of apples were part of the articles embraced in said receipt,
and were lost on the passage, by the capsizing of the defend-
ant's boat.

The auditors included in the amount, reported for the plain-
tiffs, the said $40, and disallowed the charge for the apples.

The report was excepted to by the defendant. On the
hearing upon the exceptions, the affidavits of the defendant
and of E. A. Stansbury and Wm. P. Briggs* were used
by the defendant, and upon the subsequent allowance of
exceptions, were made part of the case.

It appears from the affidavit of Ridley that he left the
state on his way to Boston, on the 11th of May, 1842 ; that
he returned on the evening of the 22d of the same month ;
that neither before his departure, nor during his absence, did
he receive any notice of an audit in the case, but, upon his
said return, he was informed by his family that a notice had
been served, but that no copy was preserved, or handed to
him, nor was he informed of the time therein set for the
audit; that, on the day of the audit, about one o'clock, he
was informed of the same by the officer who had served the
notice, and that his residence was about 30 miles from Bur-
lington, the place of hearing.

*The affidavit of Briggs is not among the papers furnished the reporter.

CHITTENDEN,
January,
1843.

Hickok &
Catlin
v.
Ridley.

It appeared from the affidavit of Stansbury that he attended, and moved a continuance, as stated in the auditors' report ; that he stated to the auditors that the defendant had called on him in the absence of defendant's counsel, W. P. Briggs, and said that he should be absent from the following. Monday, (which was about two weeks before the sitting of the court,) in going to and returning from Boston, until the second day of the court, and left directions for said Briggs relative to another case of his then pending in said court, but said nothing about this case, or about having received any notice of the audit.

The county court accepted the report of the auditors, and rendered judgment thereon in favor of the plaintiffs. The defendant excepted.

*Briggs & Peck* for defendant.

It is among the first principles of natural justice, that no person shall be bound by the adjudication and judgment of a tribunal of whose proceedings he had no notice.

The defendant had no notice. The officer's return showed that a copy was left at his usual abode; and the testimony of Stansbury before the auditors, was sufficient to show that the defendant was out of the state at the time the copy was left. Proof of his having returned should, therefore, have been required by the auditors.

The defendant might, therefore, well claim that the report be set aside. The court have no discretion in such a case. The party may demand his day in court ; and it is error not to grant it.

But there is sufficient cause for setting aside the report made in this case, even if the defendant had notice.

1. The action on book should not be extended to the recovery back of money paid by the party in fulfilment of an existing contract ; and this court have so decided as to money paid upon a note.

2. But this was money advanced for freight of articles to the city of Troy, on board the defendant's boat, which boat, the report says, was *capsized* as to the *apples*. So that to allow such a recovery in this action would involve in it all the principles of maritime law, on the subject of freight.

3. By the seventh rule of that law, as laid down in the

books, " the master shall be paid his freight for the goods CHITTENDEN, saved from shipwreck." See 7th and 9th Rules, 1 Dane's January, 1843. Dig: 676, 677. *Luke* v. *Lyde*, 2 Burr. 882, 890.

Hickok & Catlin *v.* Ridley.

*D. A. Smalley*, for plaintiffs.

The application to the county court to set aside the report for want of notice, was purely an appeal to their discretion, upon an examination of the facts, in a case appropriate for the exercise of discretion. It is not, therefore, a subject of error.

The book action may be sustained for the recovery of the money in this case. It is the common case of one man advancing to another, who is in his employ, money and other property, expecting it will apply upon his wages; and, on striking the balance, it turns out that the laborer is overpaid. It is settled that book account is the proper action in such cases. *Newton* v. *Higgins*, 2 Vt. R. 366. *Fay et al.* v. *Green*, 2 Aik. 386.

Decisions of the court below, on motions for new trial, are not matter of error. *Newton* v. *Higgins*, 2 Vt. R. 366. *Putnam* v. *Dutton*, 8 Vt. R. 396.

The opinion of the court was delivered by

BENNETT, J.—There is no good reason why the charge of forty dollars, cash, should not have been allowed to the plaintiffs by the auditors. It is true the money was advanced to the defendant, under an expectation of the parties that it should go as part pay of transportation, thereafter to be performed, and to be adjusted upon the defendant's rendering his account for such services. This money was not paid to extinguish a subsisting demand, but was to be kept on foot as a subsisting claim against the defendant, and to be the subject of future adjustment between the parties. It comes within the principle of the cases of *Strong* v. *McConnell*, 10 Vt. 231; and *Chillis* v. *Woods*, 11 Vt. 468.

If the defendant failed to perform any services, or not sufficient to balance that sum, it might well constitute a substantive ground of action.

It is also contended in argument, that there is error in the proceedings of the county court in not setting aside the report of the auditors, for the want of notice. The audit was held on the 23d of May. On the 14th of May notice was

CHITTENDEN, served on the attorney of record, and on the 16th upon the
January,
1843. party himself, by the officer's leaving a copy in the hands of
his wife at his usual place of abode. Though, as the defen-
dant discloses, he left home to go to Boston on the 11th of
May, yet he returned on the 22d, the day before the audit.
When the continuance was moved before the auditors, it was
competent for them to have delayed the hearing, if they had
thought proper, upon the representation then made to them.
The county court, no doubt, in a proper case, might, in
their discretion, see fit to set aside a report of auditors; but
this is matter purely in their discretion, and can not be the
subject of error. If, however, it was within our revision,
there is nothing in the case to show that the discretion was
not properly exercised.

The judgment of the county court is affirmed, with addi-
tional costs.