Mitchell v. Belknap.

---

CHARLES C. MITCHELL & al. versus SEWALL F. BELKNAP.

When the order from the defendant to deliver goods to a third person, is proved by evidence to which there is no objection, the delivery thereof may be proved by the books and suppletory oath of the plaintiff, whenever a delivery to the defendant himself, could be thus proved.

Where two men were doing business together in a store, their books and suppletory oaths were held by the Court, to have been admissible by the Judge presiding at the trial, to prove the delivery of a cask of spirits containing forty-five gallons.

ASSUMPSIT for goods sold and delivered, as by a bill of particulars annexed to the writ.  The articles of the greatest bulk and weight were casks of liquor, no one containing a greater quantity than forty-five gallons, and barrels of sugar.

At the trial before SHEPLEY J. the plaintiffs introduced their books of original entries, on which the commencement of the account in suit was thus.

"Mr. S. F. Belknap to C. C. Mitchell & Son,        Dr.
1842. To goods delivered United States Hotel,
    Sep. 21.  One bbl. St. C. Rum, 41 1-2 gallons,   $41,50."

To prove the delivery of the articles as charged, the plaintiffs offered their books, supported by their suppletory oaths. And being admitted, they testified to the delivery of all the goods charged to John S. Dunlap, or Dunlap and Kingsbury, or Kingsbury, or at the hotel for the use of the hotel of which Dunlap and Kingsbury were the keepers. The plaintiffs called a witness, who testified, that he was the truckman of the plaintiffs, and had at various times received goods from the plaintiffs, of which some were of a bulky character, to be delivered at the United States Hotel, and had there delivered them, and received payment for his services from Dunlap & Kingsbury. The defendant was not present at the delivery of any of the articles.

The defendant objected to the admission of all this testimony; first, because being delivered to Dunlap & Kingsbury the delivery should be proved by them or by some person other than the plaintiffs. And, second, because the goods were of such bulky and weighty nature, that other proof of their delivery than the plaintiffs' own oath should be required.

The presiding Judge overruled these objections, and permitted the plaintiffs to testify to the entries, and that the goods were delivered to Dunlap & Kingsbury.

The plaintiffs introduced evidence tending to show, that the articles were so delivered on the authority and guaranty of the defendant.

The verdict was for the plaintiffs for the full amount of their claim, and the defendant filed exceptions to the decision of the Judge.

*Codman & Fox*, for the defendant, contended, that it was not competent for the plaintiffs to prove by their books and own oaths the delivery of goods to third persons. Better evidence exists of the delivery. The persons to whom the delivery is alleged to have been made are competent witnesses, and might have been called. There is no distinction between the delivery of small sums of money and other articles to third persons. *Prince* v. *Smith*, 4 Mass. R. 455; *Faunce* v. *Gray*, 21 Pick. 243; *Winsor* v. *Dillaway*, 4 Metc. 221; *Dunn* v.

*Whitney,* 1 Fairf. 13; *Mifflin* v. *Bingham,* 1 Dall. 276; *Deas* v. *Darby,* 1 Nott & M'C. 436; 1 Greenl. Ev. 140, 141, and note.

Many of the articles charged were of the description denominated bulky, and on that account the delivery could not be proved by the books and oaths.

*W. P. Fessenden,* for the plaintiffs, remarked that the authority from the defendant to deliver the articles, was proved by testimony to which there was no objection. And he contended, that there was no difference in the kind of proof necessary to prove the delivery of goods to third persons by order of the defendant and to the defendant himself. The authorities do make a distinction between payments of money to order, and to the person giving the authority; but this is only an exception to the general rule. Nor is there any greater necessity for other proof, than there is where the delivery is to the purchaser himself, if the seller has a clerk, journeyman, or apprentice.

He commented upon the cases cited in behalf of the defendant, and cited 1 Binn. 237; *Chamberlain* v. *Carter,* 19 Pick. 188; 3 Dane, 322; 11 Conn. R. 207; 4 Conn. R. 228.

The presiding Judge is to exercise his discretion in determining whether the articles have so great weight or bulk as to require the assistance of others; and his decision is conclusive. *Leighton* v. *Manson,* 2 Shep. 208; *Clark* v. *Perry,* 5 Shep. 175.

The opinion of the Court was drawn up by

TENNEY J. — This is an action of assumpsit for goods, wares and merchandize sold and delivered, and appearing from the bill annexed to the writ of various kinds, and sold at different times, during a period of almost two years. It was admitted by the plaintiffs, that the defendant did not personally receive any of the articles, nor was he present at the delivery thereof. The plaintiffs were permitted by the presiding Judge to introduce to the jury their books, supported by their oaths, against the objection of the other party; and they testified

that the goods were delivered at the United States Hotel, or to one or both the keepers of said Hotel ; and other evidence was introduced for the purpose of showing that the goods, so delivered, were upon the defendant's authority or guaranty. Exceptions having been taken to the admission of the books and the oaths of the party, it is insisted, that they are sustainable on the ground, that the existence of other and better evidence is expressly disclosed, which should have been introduced, and the books and the testimony of the plaintiffs excluded ; and that some of the articles being of a bulky and weighty nature, it is to be presumed, that the plaintiffs were aided in the delivery of those articles by those who were competent witnesses, and who should have been introduced.

In England the shop books of a tradesman, containing the entries made by a clerk, are admissible with the evidence from the clerk of the delivery of the goods charged ; and when it has been shown that the clerk was dead, they have been allowed on proof that the entries were in his handwriting. 1 Phil. Ev. 211 & 212, and notes ; *Pitman* v. *Maddox*, 2 Salk. 690. Further than this the books of a party are not there considered competent evidence.

In this country a more liberal practice has prevailed, but by no means uniform in all the States. In New York the books, containing the original entries of the party, have been held admissible, and his oath has been allowed in their support ; but they are not evidence of money lent nor for a single charge of any other article. Their admission has been denied, unless a foundation has first been laid by proof, that the party had no clerk, that some of the articles had been delivered, that the books produced are the account books of the party, and that he has kept fair and honest accounts, and this by those, who have dealt and settled with him. *Carr* v. *Potter*, 8 Johns R. 212. In Connecticut, the statutes have regulated to some extent the practice in relation to this species of evidence. In Pennsylvania, the books and the oath of the party have been held admissible to prove the delivery of goods. *Poultney* v. *Ross,* 1 Dallas, 239.

In Massachusetts, from an early period to the present time, a party has been allowed to introduce his books, containing entries made by himself, and to testify relative to the delivery of the articles charged and the entries made; and the same practice has prevailed in this and other States. It has been restricted in some particulars, to secure the rights of the party attempted to be charged. Such evidence has not been admitted to sustain a charge for money exceeding forty shillings, or for cash paid to a third person on an order; the charges must appear to have been made at or about the time of the respective dates, and when the articles were delivered. If the entries are made by a clerk, his testimony is required; if dead the books have been held to be competent to go to the jury, if it be proved, that the entries are in his handwriting; and the books of a deceased party, the entries being in his handwriting, have been admitted as evidence.

The departure from the English practice has undoubtedly arisen from a supposed necessity. The rigid adoption of the English rule in a country like this, when first settled, when clerks were not generally employed, would have been a serious obstacle to the successful prosecution of business of tradesmen or mechanics. The practice which has prevailed here for so long a time, has become a rule, recognized by men of business and Courts of law; and although having its origin in necessity, it may be regarded as established, and not subject to vary according to the necessities and circumstances of each particular case. In this State, the books and the oath of the party have been allowed without first laying the foundation, by proving other facts, as has been required in New York. They have been admitted, on appearing to be regularly kept, to prove the delivery of goods, where the entries have been made by the party, notwithstanding he may have had a clerk in his shop, or others may have been present at the time of the delivery. It has been left to the Judge or the Court before whom the case is tried, on inspection, to determine whether the book was proper for that purpose, and on a determination in its favor it is admitted.

Authorities have been cited for the defendant, which it is insisted sustain the proposition, that this evidence is inadmissible, when the goods are delivered to a third person. In Greenleaf's Evidence, p. 140 and 141, in note, it is laid down that this evidence has been refused admission to prove the fact of goods delivered to a third person;— and the transaction, to be susceptible of this kind of proof, must have been directly between the original debtor and the creditor. In *Dunn* v. *Whitney*, 1 Fairf. 9, the learned Judge who delivered the opinion of the Court, lays down the general principle, "that whenever it does appear, from the nature of the transaction, or from disclosures in the case, that other evidence is obtainable, the law requires its production. If the articles were delivered by a clerk, by him must the fact be proved. If delivered to an agent or servant, he is the proper witness."

On the other hand, the case of *Coffin* v. *Cross*, decided by the Supreme Judicial Court of Massachusetts, in the county of Essex, in 1800, as reported in 3 Dane's Abr. page 322, is relied upon. Coffin was allowed to introduce this kind of proof to show services rendered to a third person: but other evidence was required to show, that those services were rendered on the credit of Cross ; and in the case of *Poultney* v. *Ross* before cited, the plaintiffs introduced their books and their suppletory oaths to prove the delivery of goods to one Hawke, but it was not considered proof of authority to make the charges to Ross.

When the cases referred to by Mr. Greenleaf in his note, are examined, it is believed, that they will not be irreconcilable with those last cited ; this species of evidence was refused admission rather on account of its insufficiency, than its incompetency. Where the articles are delivered to a third person, and that is established by the most plenary proof, it is certainly insufficient alone to sustain the action against the party attempted to be holden. And where the delivery to a third person can be shown by the book and the party's oath, such evidence would be entirely useless, unless other evidence of the authority is adduced, and ought not to be permitted to go

to the jury unaccompanied by other proof of that authority; parties have been restricted in their testimony to the *delivery* of the articles, even when made directly to the adverse party; no contract as to price, or statement of the value of the goods, has been allowed to be given in evidence by the one who offers his books in his own favor. To the decision of the case of *Dunn* v. *Whitney*, we think there can be no objection; it is in harmony with the doctrine deducible from most if not all the cases, where the question has been presented. It is not believed that any decision has gone so far to allow such evidence in support of a claim like the one finally presented in that case. But we do not find authority for the doctrine contained in that opinion, that, where the goods are delivered to an agent or servant, the delivery must be proved by him. If it appears that the goods were delivered by a servant or agent, who has made the charges in the books, we have seen that the evidence of such person has been required. We have not been able to find any case, where the evidence of the servant of the party receiving the goods has been held indispensible to the exclusion of the books and the suppletory oath of the other party. There are the most obvious reasons for the distinction. The clerk or agent of the vendor, who delivers the goods and makes the entries in the books, is supposed to know at the time of the delivery, the kind, the quality, the amount and the value of the articles sold; his situation presupposes that he has as full knowledge of all these as the party himself; and if this has faded from his recollection, there are before him in the books, that which will enable him to testify without the danger of error. On the other hand, the servant or agent of the purchaser, perhaps in a large majority of cases, receives the goods in casks, packages and bales, without being informed of the contents, much less of the precise amount, character and value; and if he did know all this, there is little which could call it up to his remembrance months or years afterwards. If such evidence should be necessary, in order to secure the mechanic or the shopkeeper, the evidence of his claims for articles and labor which are charged

upon his books, servants, porters and truckmen would be required to make memorandum of the articles, specifying particularly their amount and value, which passed through their hands, and the entries of the seller, in a litigated case, would be useless. Such agents have never been supposed to be subject to such a duty.

As to the second ground of objection, we are not satisfied that the Judge erred in allowing the books as evidence in relation to the articles, which were the most bulky or weighty of those charged. No precise line has been drawn, between those which can, and those which cannot be proved to have been delivered by the books and oath of the party, making the claim, but it has been deemed proper that the Judge should determine from the inspection of the items.

The heaviest article in the bill of particulars annexed to the writ, is a cask of spirit, containing forty-five gallons. This is not so difficult to deliver, that it could not be done by the two plaintiffs, and we think that the verdict should not be disturbed for that reason.

*Exceptions overruled.*