EASTMAN & a. v. SAVINGS BANK & a.

Whether a bill in equity is multifarious is generally a question of fact, to be determined upon a consideration of justice, convenience, and the circumstances of the particular case.

A receiver may be appointed in any case, where it appears to be necessary, by reason of the fraud, misconduct, or neglect of a trustee, to collect and preserve the funds belonging to a *cestui que trust*.

When jurisdiction in equity has once rightfully attached, it will be made effectual for the purposes of complete relief.

BILL IN EQUITY, for the appointment of a receiver to collect certain moneys due from some of the defendants to the defendant bank, and for an order placing the same to the credit of the depositors therein. The bill alleges, that the plaintiffs, with others, are depositors in the bank; that some of the defendants were trustees and officers therein; that there are certain sums of money due from the other defendants, or some of them, which the officers of the bank have fraudulently neglected and refused to collect and apply to the credit of all the depositors, though a request to that effect has been made. The bill sets out the particulars as to the several sums of money due from the different defendants on account of which the appointment of a receiver is asked. There is no allegation that all the defendants are interested in the same sum of money, or in the same way. It charges that all are interested in withholding the money; but there is no allegation that all concurred in the same fraudulent act. There was a demurrer.

*E. B. S. Sanborn, Blodgett*, and *Bingham*, for the plaintiffs.

*Sargent & Chase* and *Mugridge*, for the defendants.

STANLEY, J. The first ground of demurrer is, that the bill is multifarious. No rule of universal application, declaring what constitutes multifariousness, as an abstract proposition, can be established. Each case must be determined upon principles of justice, convenience, and the particular circumstances. While parties should not be subjected to the expense of litigating matters in which they have no interest, a multiplicity of suits should be avoided by uniting, in one bill, all who have any interest in the principal matter in controversy, though the interests may have arisen under distinct contracts or different circumstances. *Ward* v. *Duke of Northumberland*, 2 Anst. 469; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Abbot* v. *Johnson*, 32 N. H. 9, 29; *Chase* v. *Searles*, 45 N. H. 511, 519; *Campbell* v. *Mackay*, 1 Myl. and Cr. 603; *Free* v. *Buckingham*, 57 N. H. 97; *Gaines* v. *Chew*, 2 How. 619.

From the facts alleged in the bill, it does not appear that either of the defendants will be likely to be embarrassed, or subjected to any expense or inconvenience, or that any injustice will be done them by the joinder of other defendants with them in the action. All the matters brought in controversy by the bill are those in which the plaintiffs alleged the bank has been mismanaged, and are of such a character that they can be conveniently, economically, and expeditiously adjusted in one suit. When it appears that there is a connection and convenience in the joinder of several parties as defendants in one bill, then how much connection and how much convenience will justify the joinder of defendants is a question of fact.

The second objection to the bill is, that the court have no authority to appoint a receiver for the purposes for which one is sought. The appointment of a receiver is a matter resting in the sound discretion of the court, and when appointed he is virtually an officer of the court and subject to their orders. It is exercised for the more speedy getting in of a party's estate and securing it for the benefit of those entitled to it, and it does not affect the right. *Skip* v. *Harwood*, 3 Atk. 564 ; Story's Eq. Juris., *s.* 831.

Whenever there is some positive loss or danger of loss of the funds held by a trustee, or some neglect of duty on the part of the trustee, it forms a sufficient reason for the appointment. Story's Eq. Juris., *s.* 836. This power has been recognized by this court. *Fisher* v. *R. R.*, 50 N. H. 200 ; *Ladd* v. *Harvey*, 21 N. H. 514. It is invoked in this case, because, as the plaintiffs allege, the officers of the bank, in disregard of their duty and in fraud of the rights of the depositors, have released or failed to collect funds which belonged to them in common with the other depositors. They ask such appointment, that they may receive their due. The bank is the trustee, the plaintiffs and the depositors whom they represent are the *cestui que trusts*, and the reasons which would justify the appointment of a receiver, in any case, to prevent the squandering of a trust fund by a trustee, apply with equal force here. Upon the facts stated, it is difficult to conceive of a clearer case calling for the exercise of this power.

The third ground of demurrer is, that the plaintiffs have an adequate remedy at law.

Assuming that this position is true, a point which we do not decide, it does not follow that it can be sustained as a ground of demurrer. We have held that the court have jurisdiction for the purpose of appointing a receiver ; and it is an established doctrine of equity, that where a party is rightfully in court, for some purposes, the court will go on and give the proper relief, without subjecting him to the expense and inconvenience of a double suit at law. The jurisdiction, having once rightfully attached, will be made effectual for the purposes of complete relief. Story's Eq. Juris., *s.* 6410.

*Demurrer overruled.*

Foster and Allen, JJ., did not sit.