## Bailey *v.* Harvey.

When one party, by reason of insanity, is incompetent to testify, a guar-
dianship decree establishing the fact of his insanity is not necessary
for the exclusion of the testimony of the adverse party, under Gen.
Laws, c. 228, s. 16.

A party's book of accounts, with his suppletory oath, is admissible to
prove the payment generally of a sum of money not exceeding $6.67,
but not to prove that it was paid upon a particular debt.

Assumpsit, on the common counts for the price of land deeded
by the plaintiff to the defendant. Plea, the general issue. The
suit was brought by C. Bailey as next friend of the plaintiff, who
was described in the writ as an insane person. E. F. Bailey was
appointed guardian *ad litem.* Neither C. Bailey, E. F. Bailey, nor
the plaintiff testified. The defendant offered to testify to occur-
rences which happened when the plaintiff was sane. It had not
been judicially determined that the plaintiff was insane ; but the
court found, as a matter of fact, that by reason of insanity he was
incompetent to be sworn as a witness, and excluded the testimony
of the defendant. The defendant's evidence tended to show that

he had paid the plaintiff various sums of money on the debt at different times, and had paid the debt in full. The defendant offered his book of accounts, supported by his oath, to prove his payment to the plaintiff of sums of money larger and sums smaller than $6.67. The book was excluded, subject to exception. Verdict for the plaintiff.

*Ray, Drew & Jordan* and *Ladd*, for the defendant.

Generally, no person is excluded from testifying in a civil cause by reason of interest therein. G. L., c. 228, s. 13. This case is not within the exception of s. 16 of the same chapter, because the term "guardian of the insane party" cannot apply to a guardian *ad litem*, which is a peculiar and limited form of guardianship. *Crawford* v. *Robie*, 42 N. H. 162; *Moore* v. *Taylor*, 44 N. H. 370.

The book of accounts was evidence of the payment of sums of money under $6.67. *Bassett* v. *Spofford*, 11 N. H. 167; *Woods* v. *Allen*, 18 N. H. 33; *Bank* v. *Knapp*, 3 Pick. 109; *Burns* v. *Fay*, 14 Pick. 8; 1 Greenl. Evid., s. 118. The defence is substantially the same as a set-off. If a set-off had been pleaded, the book of accounts would have been admitted; and the state of the pleadings cannot affect its competency. The book was admissible to prove payments. *Woods* v. *Allen*, 18 N. H. 33. It was not offered to prove a matter collateral to the issue of debt and credit between the parties. *Batchelder* v. *Sanborn*, 22 N. H. 325; *Brown* v. *George*, 17 N. H. 128, 132. It is admissible when the parties stand to each other in the relation of plaintiff and defendant. *Woodes* v. *Dennett*, 12 N. H. 510; *Little* v. *Wyatt*, 14 N. H. 23. The limitation of $6.67 is confined to Maine and Massachusetts, and it is arbitrary. The admissibility of a party's book of accounts is based on a kind of moral necessity to prevent total failure of proof. Why may not a cash item of $100 be proved by a book of accounts as well as 2088 pounds of wool, 75 bushels of salt, or 132 gallons of rum? *Shillaber* v. *Bingham*, 3 Dane's Abr. 321; *Leach* v. *Shepard*, 5 Vt. 363.

*W. & H. Heywood* and *Fletcher*, for the plaintiff.

The statute excludes the testimony of a party where the opposing party is insane, whether the insanity has been judicially determined by inquisition or not. It is the insanity that renders a person incompetent to testify, and not the inquisition. Whether a party is disqualified as a witness by reason of insanity is for the court to decide. 1 Greenl. Evid., ss. 365–367. The defendant's testimony was properly excluded, because it referred to matters concerning which the plaintiff could have testified had he been sane. *Chandler* v. *Davis*, 47 N. H. 462; *Hoit* v. *Russell*, 56 N. H. 559.

The defendant having pleaded no set-off, his books were not admissible. No payment of a sum of money upon a pre-existing contract can be proved by a book of accounts. *Maine* v. *Harper*, 4 Allen 115; *Inslee* v. *Prall*, 3 Zab. 457; 1 Sm. Lead. Cas., Part I, pp. 427, 428. *Woods* v. *Allen* and *Bassett* v. *Spofford* merely decide that money delivered on credit is a proper subject of book charge if it does not exceed $6.67. The entries on the defendant's book were not charges of money delivered on credit, but were memoranda of payments upon a pre-existing debt.

BINGHAM, J. The court at the trial found, upon evidence, that the plaintiff, by reason of insanity, was not competent to be sworn as a witness. Neither party can testify when the adverse party is an executor, administrator, or insane person, if the executor, administrator, or guardian of the insane person does not elect to testify, unless it clearly appears that injustice may be done. G. L., c. 229, ss. 16, 17. To entitle the defendant to testify, he should bring himself within the rule established in cases where the adverse party is an executor or administrator. When the deceased, if alive, could testify about the same matters, the adverse party is excluded. In this case, the occurrences in dispute happened between the parties when the plaintiff was sane. *Hoit* v. *Russell*, 56 N. H. 559; *Chandler* v. *Davis*, 47 N. H. 462. The defendant claims that the insane person intended by Gen. Laws, c. 229, s. 16, is one who has been decreed insane in proceedings under Gen. Laws, c. 186, ss. 1, 2. Section 16 is not in terms limited to such a case, and no reason appears implying such a limitation. The plaintiff, by reason of insanity, being incompetent to testify, a decree upon an inquisition establishing the fact of his insanity was not necessary for the exclusion of the defendant's testimony as to transactions concerning which the plaintiff, if sane, could contradict him.

The defendant's book of accounts was incompetent to prove payments of larger sums than $6.67. *Rich* v. *Eldredge*, 42 N. H. 153; *Bassett* v. *Spofford*, 11 N. H. 167. But the defendant offered the book, supported by his oath, to show the payment of sums of money not exceeding $6.67. In this state, account-books, properly supported, are admissible as evidence of goods sold and labor performed. *Eastman* v. *Moulton*, 3 N. H. 157; *Snell* v. *Parsons*, 59 N. H. 521. They are admissible, also, to prove a charge of a sum of money not exceeding $6.67, but only where they would have been received in support of the charge had it been for a barrel of flour or a pound of beef. The effect of the decisions is to extend the rule permitting such proof of the delivery of goods sold, and the performance of labor so as to include charges of sums of money not exceeding $6.67. *Bassett* v. *Spofford*, *supra*; *Dame* v. *Whitney*, 10 Me. 9; *Bank* v. *Knapp*, 3 Pick. 109; *Burns* v. *Fay*, 14 Pick. 8; *Turner* v. *Twing*, 9 Cush. 512; *Davis* v. *Sanford*, 9 Allen. 216.

The charges being made by the party, the books are received with great caution and subject to many limitations. They have been refused admission to prove the consideration of a promissory note; the delivery of goods to a third person; the delivery of goods in performance of a special contract; to prove to whom credit was given, delivery being admitted; or any matter collateral to the issue of debt and credit between the parties. *Keith* v. *Kibbe,* 10 Cush. 36; *Rindge* v. *Breck,* 10 Cush. 43; *Kerr* v. *Love,* 1 Wash. 172; *Batchelder* v. *Sanborn,* 22 N. H. 325; *Phillips* v. *Tapper,* 2 Penn. St. 323. But after an order to deliver goods to a third person is proved by competent evidence *aliunde,* the delivery itself may be proved by the books and suppletory oath of the party; in *scire facias sur* mechanics' lien, charges made against the owner are competent to show the amount of materials furnished, and the facts which render the building liable may be shown by evidence *aliunde;* where money is advanced or goods delivered, so that a right to charge exists at the time, though it may be the understanding that the claim is to be adjusted afterwards by being set off against another debt, it is a proper matter for book charge; and in the performance of a special contract it is proper that the party should each day charge the goods he delivers, and the charge is evidence of the amount. *Mitchell* v. *Belknap,* 23 Me. 475; *Church* v. *Davis,* 9 Watts 304; *Hickock* v. *Ridley,* 15 Vt. 42; *Swain* v. *Cheney,* 41 N. H. 232. Although a book of accounts may be incompetent to prove the performance of a special contract, yet, where goods are delivered from time to time in the performance of the contract, it is proper to charge them upon book, and such charges are competent evidence, not of the performance of the contract, but of the fact of the delivery of the goods and their amount. The defendant, having introduced evidence tending to prove the payment of the debt, offered in support of this evidence his book of accounts, with his suppletory oath, to show that the plaintiff had received from him various sums of money not exceeding $6.67 at a time. Whether the plaintiff had received such sums of money was a question not collateral, but directly in issue, and the book should have been admitted in proof of such items.

*Verdict set aside.*

DOE, C. J., did not sit: the others concurred.