PEIRCE & a., *Adm'rs, v.* BURROUGHS, *Ex'r.*

The statutes permitting parties to testify did not repeal the common-law rule, that in equity the surviving party can testify to matters of account in the discretion of the master, subject to revision by the chancellor.

BILL IN EQUITY, by the administrators of the estate of Ann R. P. Burroughs against the surviving executor of the will of Charles Burroughs, for an accounting of the income of property bequeathed by the defendant's testate to Mrs. Burroughs. The defendant claims credit for certain stocks, and rights to take new stock, purchased for Mrs. Burroughs. The matter in controversy was whether the purchase was made by Mrs. Burroughs or by the defendant, and if by the latter, whether with money received from the income of the property bequeathed, or with money furnished by Mrs. Burroughs. The cause was heard by a referee, who permitted the defendant to testify that he made payments for the stocks and rights from the income of the estate. If his testimony was properly admitted, the referee finds that the credits claimed by the defendant should be allowed. The plaintiffs excepted to the testimony.

*A. R. Hatch* and *Page*, for the plaintiffs.

*Wiggin & Fernald* and *W. H. Hackett*, for the defendant.

SMITH, J. At common law the surviving party could testify in equity in matters of accounting before a master, in his discretion, subject to revision by the chancellor. *Page* v. *Whidden*, 59 N. H. 507. The statutes permitting parties to testify were not intended to repeal this rule of the common law. The intent of the legislature was in the direction of enlarging, and not of restricting, the admission of testimony. *Clements* v. *Marston*, 52 N. H. 31; *Stewart* v. *Harriman*, 56 N. H. 25, 33; *Day* v. *Day*, 56 N. H. 316, 318. There is nothing in this case which shows that the discretion of the referee was not fairly exercised, and we see no occasion to revise it.

As the witness was properly allowed to testify, the whole amount of credits claimed should be allowed. This result makes it unnecessary to examine the other questions raised at the hearing.

*Case discharged.*

CLARK, J., did not sit: the others concurred.