PAGE, *Adm'r, & a., v.* WHIDDEN, *Ex'r, & a.*

A bill in equity will not be dismissed for multifariousness when the claims of the parties are connected, and justice and convenience require a joint litigation.

The question of the performance of conditions required to entitle one to the possession of property devised upon condition is determined upon equitable grounds.

| 59 | 507 |
| 67 | 167 |
| 68 | 255 |
| 59 | 507 |
| 69 | 255 |
| 69 | 422 |
| 59 | 507 |
| 70 | 21 |
| 59 | 507 |
| 72 | 183 |
| 72 | 192 |
| o72 | 194 |
| 72 | 439 |

A devise upon condition is not barred by lapse of time, when no time is named within which the conditions may be performed.

The exhibition of a claim to an administrator within two years after his appointment is not necessary to enable one to prosecute a claim by bill in equity, under Gen. Laws, c. 198, s. 22.

The exception to the statute permitting parties to testify, by which the surviving party is excluded unless the adverse party elects to testify, does not include cases where parties were permitted to testify before the passage of the statute.

BILL IN EQUITY. The plaintiff Page was administrator of the estate of John G. Berry, deceased, and the other plaintiffs were heirs of Berry. The defendant Elizabeth A. Whidden was widow and executrix of the will of Joseph W. Whidden, deceased, and the other defendants were children and heirs of Joseph W.

William Berry, of Newington, died in 1867, leaving land and personal estate, and a will, in which, after certain bequests and an annuity to his wife, he gave the residue of his estate to Joseph W. Whidden, his executor, upon condition that he pay the debts, funeral charges, and the annuity, with the provision that if his sons, John G. and Charles W. Berry, then absent, should return to Newington and pay the debts, legacies, funeral charges, and the annuity, then he gave the residue, before conveyed to Whidden, to them in equal shares. And if one of said sons should return and pay one half the debts and other charges against the estate, he gave an undivided half of the residue to him; and if he should pay all the debts and charges, he gave the other half of the estate to him until his other son should return and pay his half of the claims against the estate. Meanwhile, until the son or sons should return and make payment, Whidden was to be possessed of and enjoy the estate free of charge to him, except the debts, legacies, and annuity.

Upon the death of William Berry, Whidden took possession of the estate, and remained in possession till he died, in 1875, and the defendants are now in possession.

John G. Berry returned to Newington in 1869, and remained about two months. While there he arranged with Whidden for the payment of the money required to entitle him to one half of the estate, and that year paid to Whidden $1,950 for that purpose. He intended to return to Newington and reside there when he should have settled his affairs in the West, where he then lived. He never returned to Newington, and died in 1878. The last three years of his life he was incapacitated from doing business, by disease and from loss of memory. Half of what Whidden received as a balance on the settlement of his administration account, and from the sale of land and for land damages, amounted, with the $1,950 paid by Berry, to $2,670.82, and half the charges against the estate paid by Whidden and due to him were $2,413.44, leaving a balance

of $257.38 claimed by the plaintiffs as so much received by Whidden in excess of what was necessary to be paid to entitle them to the possession of the estate. The bill prayed for a decree of the $257.38, and possession of half the land, or that the money paid by Berry be repaid to the plaintiffs.

The defendants demurred for multifariousness by an improper joinder of parties and causes of action, and claimed that John G. Berry never became entitled to one half the land, and that the claim for the balance of the money overpaid was barred by the statute of limitations. The court found that the claim was not exhibited to the executrix within two years after her appointment, and that there was no culpable negligence on the part of John G. Berry in the delay to present his claim and demand the property. One of the defendants was offered as a witness to prove the payment of money by Whidden to J. G. Berry. The plaintiff did not testify, and the evidence was excluded, the defendant excepting. The court found the plaintiffs entitled to a decree for an undivided half of the land, and for the $257.38 against Whidden's estate; and the defendants excepted.

*Hatch*, for the defendants.

*Page* (with whom was *Frink*), for the plaintiffs.

ALLEN, J. It is a general rule in equity, that all who are interested in the subject-matter of the cause should be made parties to prevent multiplicity of suits. *Bell* v. *Woodward*, 48 N. H. 437, 446; *Brown* v. *Simons*, 45 N. H. 211; *Chase* v. *Searles*, 45 N. H. 511; *Eastman* v. *Bank*, 58 N. H. 421. Nor is it any objection that separate decrees may be necessary to settle the rights of the different parties, provided they all have a common centre of interest. *Abbot* v. *Johnson*, 32 N. H. 9, 31. And if the court has jurisdiction of any substantial or essential part of the complaint, the bill may be sustained. *Winnipissiogee Lake Co.* v. *Worster*, 29 N. H. 433, 445.

The claim of J. G. Berry's estate against the estate of Whidden was one for equitable jurisdiction (G. L., c. 198, s. 22), and the plaintiff Page, administrator, and the defendant Whidden, executrix, representatives respectively of those estates, were properly parties to the bill. The determination of the administrator's claim involves the question of the right of the other plaintiffs to one half of the land claimed, and they are properly joined as plaintiffs with Page. The widow and the heirs of Whidden, whose claims and interests are adverse both to those of Page and the heirs of Berry, are properly joined with Whidden's executrix as defendants. The settlement of the right to the real estate includes the settlement of the claim for compensation. The connection of the claims of the different parties, and the convenience of adjusting them in one suit, render it equitable and just that the claims and parties be not sev-

ered in litigation; and peculiarly so when, as in this case, the facts do not make it appear that any injustice can be done by a joinder of all the parties. *Eastman* v. *Bank*, *supra*.

As to the estate of William Berry, J. G. Berry and Whidden stood towards each other in a relation like that of mortgageor and mortgagee, with the mortgagee in possession and the mortgageor proceeding to redeem; excepting that Whidden was not to account for rents and profits of the estate while in possession. The return of J. G. Berry to Newington, with an intention to come there and live when he should have adjusted his business affairs at the West, his arrangement with Whidden to meet the conditions in the will necessary to entitle him to one half of the estate, and the payment of a large sum of money for that purpose without apparent objection by anybody at that time, were so far a performance of the conditions, that, on the payment of any balance when ascertained, Whidden's title would be defeated and terminate, and Berry would be entitled to the possession. On the performance of the conditions, he was entitled to one half of all the residue of the estate, personal as well as real. Whidden having consumed or disposed of the personal estate, and charged himself with it in his administration account, he could not make Berry possessed of the personal estate, and equity applied the balance found due on the settlement of his account in payment of the sum required of Berry to fulfil the conditions of the will. In the same way, Whidden should account for the proceeds of land which he had actually sold and precluded Berry from receiving, and for damages received from land actually taken. One half of these sums, with the amount paid by Berry, exceeded the sum required to entitle him to the possession of one half the estate. His delay in prosecuting his claim to the estate, and his neglect to take possession, cannot bar the equitable rights of the heirs. Time was not of the essence of the devise under which the rights of the plaintiffs are asserted. No time was named within which the devisee must perform the conditions to entitle him to the property, nor was any to be inferred; and in the arrangement with Whidden no time was specified, nor could any be inferred from the circumstances, within which Berry should come into the estate. *Ewins* v. *Gordon*, 49 N. H. 444, 459. There was no such delay or negligence in asserting the right as to make its enforcement now a hardship or injustice on the defendants, who have enjoyed for many years, without the payment of interest, both the consideration and the property for which the consideration was paid, and, so far as appears, without having added anything to the value of the estate.

The amount received by Whidden being in excess of that required to be paid by Berry, his administrator has a claim against the estate of Whidden for the sum of such excess. The claim not having been presented within three years after the grant of administration on Whidden's estate, the plaintiff's sole remedy was in

equity. G. L., c. 198, s. 22. It was not necessary to exhibit the claim to the executrix within two years. *Webster* v. *Webster*, 58 N. H. 247. The court found no culpable negligence on the part of the plaintiff or his intestate in not sooner prosecuting the claim; and negligence both in fact and degree being matter depending upon evidence, the finding is not subject to revision here. Justice required the allowance of the claim.

The evidence of one of the defendants that money had been paid by Whidden to Berry, and which was excluded because the plaintiff administrator did not elect to testify, was, in substance, material on the state of the accounts between the parties, and competent, and ordinarily would have been admissible. The general purpose of the statutes, permitting parties to be witnesses, was to enlarge and not contract the field of testimony, and an exception narrowing the former boundaries would have been contrary to the spirit of the enlarging statutes. *Moore* v. *Taylor*, 44 N. H. 370, 375; *Clements* v. *Marston*, 52 N. H. 31; *Stewart* v. *Harriman*, 56 N. H. 25; *Day* v. *Day*, 56 N. H. 316, 318. At common law, the general rule, both in law and in equity, excluding parties from testifying, had exceptions, and among them were cases of accounting, where the accounting party was required to furnish an account on oath and submit to an examination of the items, and cases where, from their nature, the facts were solely within the knowledge of the parties. In such cases, parties became witnesses on leave of court granted for that purpose. 3 Gr. Ev., ss. 335, 338; *Hollister* v. *Barkley*, 11 N. H. 501, 506; *Society* v. *Society*, 14 N. H. 315, 325. The admission of a party to testify was not a matter of right in any case, but within the discretion of the court; and when the discretion was exercised by masters in chancery in equity proceedings, the discretion was subject to revision by the chancellor. The practice of allowing parties to be examined and testify for themselves was resorted to with great caution, and never unless under the peculiar circumstances of the case justice could not be attained without it. It was permitted in no case where, from the position of the parties, an unfair advantage would be given by it to one party over the other. 3 Gr. Ev. 338. And when the fact in question occurred in the presence only of the plaintiff and a deceased partner of the defendant, the examination of the parties was held improper as calculated to give the plaintiff an unfair advantage. The exclusion of the defendant from testifying in this case was a proper exercise of discretion. The facts being wholly within the knowledge of the deceased and the defendant party, and the plaintiff not electing to testify, the evidence was inadmissible if the statute exception applied (*Chandler* v. *Davis*, 47 N. H. 462), and under the common-law rule, not narrowed by the statute exception, there was no error in excluding it on the ground that its admission would give the defendant an unfair advantage.

The plaintiff heirs are entitled to a decree for the possession of one half the land, and the administrator to a decree for the payment of his claim.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.