SHEEHAN, *Ex'r, v.* HENNESSEY.

A plaintiff executor may testify simply to identify the account books of the deceased without admitting the defendant to testify generally in the case.

Whether a witness may be recalled for further examination is for the judge at the trial to decide.

ASSUMPSIT, for goods sold and delivered to the defendant by the deceased and charged by him upon his books of account. The plaintiff did not elect to testify, except to identify the books. The defendant offered to testify that she did not owe the deceased for the goods. The offer was excluded, and the defendant excepted. The defendant also asked leave to recall the plaintiff, and show by her that the deceased employed a clerk in his store, more or less. The request was denied, and the defendant excepted.

*S. W. Emery*, for the plaintiff.

*Calvin Page* and *John Hatch*, for the defendant.

ALLEN, J. Before the statute of 1857, permitting parties to actions to testify, except where the adverse party is an administrator or guardian not electing and refusing to testify, books of account were made evidence by the suppletory oath of the party, and in case of his death by the oath of his administrator. *Dodge* v. *Morse*, 3 N. H. 232. Since that statute, books of account of persons deceased and of those under guardianship are introduced in evidence, in the same way and by the same mode of proof as

before, without regard to the exception (*Bailey* v. *Harvey*, 60 N. H. 152, 155); for the statute was designed to enlarge and not narrow the field of evidence, and nothing is excluded under the exception which was admissible before. *Page* v. *Whidden*, 59 N. H. 507, 511. The identification by the plaintiff of her intestate's books of account, in the mode always practised, was not an election by her to testify, nor a waiver of the right to object to the defendant's testifying generally. The defendant offered to testify to no fact which might not have been within the knowledge of the plaintiff's intestate, and the exclusion of her testimony was in accordance with a uniform rule established by numerous decisions. No injustice appears to have been done, and if any was done, it would only be shown by other evidence than the defendant's own testimony (*Harvey* v. *Hilliard*, 47 N. H. 551, *Cochran* v. *Langmaid*, 60 N. H. 571), and there was no error in excluding it.

The defendant's request for leave to call the plaintiff and inquire of her, against objection, whether the deceased did not employ a clerk in his store, was an attempt to compel the plaintiff, an administratrix, to testify against her will, and was properly refused. Whether any witness should be recalled is a question to be determined at the trial term, and there was no error of law in denying the request.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.