Grafton,
Dec., 1894.

## STEVENS & a., *Adm'rs*, v. MOULTON.

The production in evidence of the account books of a person deceased, accompanied by the suppletory oath of the administrator, does not constitute an election under P. S., c. 224, s. 16, and will not give the opposite party the right to testify in respect to facts which occurred in the lifetime of the deceased.

ASSUMPSIT, by the administrators of the estate of W. H. Cummings, for grain. Facts found by a referee. Mr. Stevens, one of the plaintiffs, was sworn as a witness, at their request, without reservation, qualification, or limitation in respect to his testimony. He produced and identified Cummings' account books, and testified that the entries upon them against the defendant relating to the items in suit were in Cummings' handwriting, and had not been changed since the books came into the possession of the witness, in 1891. Upon cross-examination, he testified that he understood the entries were made from a mill book kept by the miller; that he had thoroughly examined Cummings' papers, and had not found an order drawn by Cummings upon his miller in favor of the defendant; and that the defendant, after looking the account over, had said it was all right, but that Cummings owed him. The defendant was sworn as a witness in his own behalf and, subject to the plaintiffs' exception, testified that he omitted to enter a lien suit brought by him

against one Sherman, in consideration of Cummings' promise to pay him the amount of the claim and costs; that in fulfillment of this promise, Cummings subsequently gave his miller an order to deliver the grain mentioned in the plaintiffs' specification to the defendant; and that the grain was not sufficient to pay the sum due the defendant by virtue of the promise. The referee's finding was in favor of the defendant, if the defendant's testimony was taken into consideration; and in favor of the plaintiffs, if it was not. Judgment was ordered upon the report in favor of the plaintiffs, subject to the defendant's exception.

*George F. Morris*, for the plaintiffs.

*Smith & Sloane*, for the defendant.

CHASE, J. The statute removing the disqualification of witnesses by reason of their interest in the event of the suit (Laws 1857, *c*. 1952; Laws 1858, *c*. 2090; Laws 1865, *c*. 4074; G. S., *c*. 209, *ss*. 13–17; G. L., *c*. 228, *ss*. 13–17; Laws 1889, *c*. 74; P. S., *c*. 224, *ss*. 13–17) was designed " to enlarge and not contract the field of testimony." Accordingly, it has been uniformly held that the exception in it, providing that a party to an action shall not testify if the adverse party is an administrator or the guardian of an insane person, unless the administrator or guardian elects to testify, does not exclude a party from testifying concerning facts about which he was at liberty to testify at common law under the same circumstances. *Moore* v. *Taylor*, 44 N. H. 370, 374; *Page* v. *Whidden*, 59 N. H. 507, 511; *Pierce* v. *Burroughs*, 59 N. H. 512; *Sheehan* v. *Hennessey*, 65 N. H. 101, 102. Before the passage of the statute, entries upon the book of account of a deceased party supported by the suppletory oath of his administrator were competent evidence in an action between the administrator and the surviving party, if they related to the main issue on trial. The suppletory oath required the witness to make true answers to the questions propounded, and the questions related to the identity of the book and the handwriting of the entries upon it. To this extent the administrator had the right to testify. *Dodge* v. *Morse*, 3 N. H. 232. The right was not affected by the exception in the statute, although its terms may be broad enough to include it. *Bailey* v. *Harvey*, 60 N. H. 152, 155; *Sheehan* v. *Hennessey*, 65 N. H. 101; *Lassone* v. *Railroad*, 66 N. H. 345, 352. Whenever an administrator testifies in this way, he exercises a common-law right, and consequently makes no election under the statute.

From 1865 to 1889, the statute, so far as it related to a question like that under consideration, was in these words: " Neither party shall testify in a cause when the adverse party is an . . .

administrator . . . unless the . . . administrator . . . elects to testify." Laws 1865, *c.* 4074; G. L., *c.* 228, *s.* 16. The construction given to this provision was that whenever an administrator elected " to testify for any purpose or to any extent whatever," the adverse party might testify generally and without restriction. *Ballou* v. *Tilton*, 52 N. H. 605; *Dow* v. *Merrill*, 65 N. H. 107. The defendant claims that the change made by the law of 1889 was one of form merely; and he cites these cases as authorities for his position that the act of the plaintiff, Stevens, in testifying, was an election within the meaning of the statute, and gave the defendant the right to testify. The court evidently did not intend that the comprehensive language used in *Dow* v. *Merrill* should be applied to testimony of an administrator given under a suppletory oath in relation to the books of account of the deceased, for, at the same term, they decided in *Sheehan* v. *Hennessey* that the giving of such testimony by an administrator did not authorize the surviving party to testify generally. In *Ballou* v. *Tilton* (decided in 1873), the court reluctantly yielded to what they understood to be the plain letter of the statute, at the same time suggesting that the letter did not correctly express the probable intention of the legislature, namely, to place the parties on an equal footing by not allowing the living party to a transaction to be a witness concerning it when the other party, being dead, could not testify. In *Dow* v. *Merrill* (decided in June, 1889), the court, after referring to the defect in the statute as interpreted and to the suggestion of an amendment contained in the former decision, said that, " as more than fifteen years have elapsed without the requisite legislation, the construction adopted in *Ballou* v. *Tilton* must be regarded as having received the legislative approval." The present statute (P. S., *c.* 224, *s.* 16) took the place of the prior statute, August 16, 1889 (Laws 1889, *c.* 74), and, omitting the parts not material to this inquiry, is as follows : " When one party to a cause is an . . . administrator . . . neither party shall testify in respect to facts which occurred in the lifetime of the deceased . . . unless the . . . administrator . . . elects so to testify." The prohibition is specifically directed to testimony relating to facts that occurred in the lifetime of the deceased. Neither party has the right to testify concerning such facts unless the administrator elects " so to testify." It obviates the injustice occasioned by the earlier statute as interpreted in *Ballou* v. *Tilton* and *Dow* v. *Merrill,* and at the same time leaves either party at liberty to testify, under the authority of section 13 of the same chapter, in respect to facts that occurred after the death of the deceased.

The act of Stevens in testifying was not an election that gave the defendant a right to testify, unless the rights of the parties were affected by the manner in which the testimony was

introduced. The case shows that he did not testify to any fact
that he was not at liberty to testify to without making an election
under the statute. He identified the books and the handwriting
of the deceased, and stated that the account had not been changed
since the books came into his possession. The defendant knew
the nature of this testimony, and confined his inquiries to the
subject therein referred to, and to matters that occurred after the
death of the deceased. Manifestly, he did not change his course
by reason of a misunderstanding of the situation. There is,
therefore, no ground for claiming that the plaintiffs are estopped
from denying that they made an election under the statute on
account of their manner of procedure.

The defendant's claim that the question of election, being one
of fact, is not reviewable here, does not arise. The plaintiffs'
exception referred to a ruling that the defendant had a right to
testify, and not to a finding upon the question of election.

As the defendant's testimony related to facts that occurred in
the lifetime of the deceased, it should have been excluded.

*Exception overruled.*

WALLACE, J., did not sit: the others concurred.