GEORGE W. ELA, executor, appellant, *vs.* THOMAS EDWARDS.

Under the Gen. Sts. *c.* 131, § 14, and St. 1864, *c.* 304, § 1, an executor is not a competent witness in his own behalf to support a charge in his probate account of money paid to himself individually for services rendered to his testatrix in her lifetime.

APPEAL from a decree of the judge of probate disallowing a portion of the third account of George W. Ela, as executor of the will of Susan S. Edwards, deceased.

The question was as to an item for three thousand three hundred and eighty dollars charged by the executor against the estate of his testatrix as paid to himself in his personal capacity for services rendered to her in her lifetime, a specification thereof being annexed in the schedule. Objection being made by the appellee to the allowance of this item, the executor, who had kept no book-account of the services specified, offered his own testimony to substantiate them; but the judge excluded his tes-

timony and disallowed the item. On appeal, *Wells*, J., affirmed the decision of the judge of probate, and an appeal was taken to the full court.

*F. P. Goulding*, for the appellant.

*W. W. Rice*, for the appellee.

GRAY, J. The statutes requiring an executor or administrator to verify the account of his administration by his oath, and to submit to examination on oath before the probate court upon any matter relating to his account, do not make him a competent witness generally in his own behalf. Gen. Sts. *c.* 98, § 9. *Bailey* v. *Blanchard*, 12 Pick. 166. The competency of the appellant in this case therefore depends upon the statutes making parties to the record competent witnesses.

The Gen. Sts. *c.* 131, § 14, by which parties in all civil actions and proceedings, including probate and insolvency proceedings and suits in equity, are admissible as competent witnesses for themselves or any other party, contains the exception that " where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor." The purpose of this exception is to exclude a party to the record from testifying in his own favor when the other party to the contract or cause of action in issue is incapable of testifying against him. *Chamberlain* v. *Chamberlain*, 4 Allen, 184. *Brown* v. *Brightman*, 11 Allen, 226.

The appellant was not a competent witness within the letter or the spirit of this statute. The contract or cause of action in issue and on trial was his claim for services alleged to have been rendered by him to the testatrix in her lifetime. If the claim had been made against the estate of the deceased by any other person than the executor, it must have been prosecuted by action at law, in which the claimant could not have testified in his own favor. An executor having a demand against his testator cannot proceed by action at law, because he cannot sue himself; but the appropriate manner of presenting his claim for adjudication is to charge it in his probate account, of which notice is given, so that any person interested in the estate may appear

and dispute it. If it is disputed, the claimant is required to file a statement of his claim in writing, and the claim may be submitted by order of the probate court to arbitrators to be agreed on by the claimant and the party objecting, or, if not thus decided, may be heard and determined by the judge of probate, and, on appeal, by this court, where it may either be submitted to a jury on an issue framed by direction of the court and tried as other issues in civil actions are tried, or, if a trial by jury is not requested by either party or ordered by the court, it is to be heard and determined by the presiding justice. " In such case the executor acts *suo jure*, and against the interest of the creditors, legatees, heirs and all persons interested in the estate; whereas, in all other cases he is trustee for them, and is supposed to be the proper party to defend the estate against groundless and unjust demands. It follows that, in case of his own claim, any person adversely interested may appear and oppose, and in like manner appeal." *Willey* v. *Thompson,* 9 Met. 336, 337. Gen. Sts. *c.* 97, §§ 26, 27.

The party plaintiff to the contract in issue and on trial, as well as the plaintiff of record, was the appellant in his individual right. The party defendant was the estate, of which the appellant was executor, but which was necessarily represented in this proceeding by the party objecting to the appellant's claim. The statute regulating the competency of parties to the record as witnesses applies equally to probate proceedings and to actions at law. The fact that the appellant was obliged to make his individual claim by stating it in his account rendered to the court of probate, instead of in a declaration in an action at common law, gave him no right to testify in his own favor since the death of the person whom he alleged to have made the contract which was the foundation of his claim.

As the appellant, in seeking the allowance of this item in his account, was prosecuting a claim in his private behalf, and not " acting only in a representative capacity," he was not made a competent witness by St. 1864, *c.* 304, § 1.

*Decree affirmed.*