COCHRAN, *Adm'r*, v. LANGMAID.

When the adverse party is an executor or administrator, the surviving party will not ordinarily be allowed to testify to matters to which the deceased could testify if alive.

ASSUMPSIT, to recover certain notes. Plea, the general issue, with a set-off. Facts found by a referee. The defendant offered his own testimony. The plaintiff, who is an administrator, did not

elect to testify, and, it not appearing that injustice would be done without the testimony of the defendant, he was not allowed to testify, and the defendant excepted.    All the matters to which he proposed to testify related to transactions occurring in the lifetime of the deceased, and it did not appear that the deceased could not testify to the same matters, if alive.     ·

John Y. Mugridge, for the defendant.

Sanborn & Clark, Haselton, and Copeland, for the plaintiff.

CLARK, J.    A party may be allowed to testify, although his adversary is an executor or administrator, when it clearly appears to the court that injustice may be done without his testimony.    G. L., c. 228, s. 17.    But the injustice must appear from other evidence than the testimony of the party himself.    Harvey v. Hilliard, 47 N. H. 551 ; Fosgate v. Thompson, 54 N. H. 455.    In determining whether a party should be admitted to testify when the adverse party is an executor or administrator, in ordinary cases the safe guide and decisive test are found in the inquiry whether the deceased, if alive, could testify to the same matters.    Chandler v. Davis, 47 N. H. 462 ; Hoit v. Russell, 56 N. H. 559.    And it is said to be a proper exercise of discretion to allow the living party to testify to relevant facts of which the deceased could have had no knowledge,—as, to matters arising after the death of the deceased, or to facts not known to the deceased but known to a third person who might be a witness.    Brown v. Brown, 48 N. H. 90 ; Chandler v. Davis, supra.    An application of these tests to the present case does not show that there was error in the ruling of the referee excluding the testimony of the defendant.

*Exceptions overruled.*

STANLEY, J., did not sit : the others concurred.