SARAH J. DREW, *Ap't*, *v.* McDANIEL, *Adm'r*, *Ap'ee.*

SARAH J. DREW *v.* THOMAS P. DREW AND GERRISH P. DREW.

The defendant of record, being an administrator and not electing to testify, and the defendants in interest having testified, the plaintiff was rightly allowed to testify under certain restrictions, it clearly appearing that injustice might be done without his testimony.

The fact that a claim secured by mortgage is presented to the commissioner on an estate settled in the insolvent course, is not, in the absence of evidence showing such an intention on the part of the claimant, a waiver of the mortgage security.

The first action is an appeal from the decision of the commissioner on the estate of Eliza H. Drew, disallowing a note for $2,000, dated May 25, 1875, signed by the defendant's intestate and payable to the plaintiff; and the second is a writ of entry to foreclose a mortgage given to secure the note.    It was claimed in defence that the note was for a larger sum than was due, and that it was void by reason of the mental weakness and want of capacity of the deceased.    Facts found by a referee.

These actions, with two others in favor of Lois A. Beck against the same defendant, were heard and tried together. The plaintiff in these two actions and the defendants in the second action are brothers and sister. Sarah J. and Thomas P. had always lived at home with their mother. Mrs. Beck had made her home there until her marriage, and Gerrish P. had lived there continuously until about 1863, but had been away most of the time since. The brothers having testified as to the extent and character of the plaintiff's services and pecuniary means, and the physical and mental capacity of their mother, the plaintiff was allowed to testify in rebuttal, subject to the defendants' exception, in regard to receiving money from different sources; the length of time she had lived at home with her mother on the farm; the extent and character of the services rendered and labor performed by her; to transactions and conversations with her brothers Gerrish and Thomas; the part her mother took in the management of the affairs of the household and farm; and to various transactions, conversations, and declarations bearing upon the question of her mother's physical and mental capacity,—but not to any conversations or transactions between herself and her mother relating to her claim, or to conversations between the plaintiff and her mother when no other persons were present.

The estate of Eliza H. Drew was settled in the insolvent course, and the plaintiff had presented her note as a claim against the estate, and taken an appeal from the decision of the commissioner thereon, which is now pending; and, in the writ of entry to foreclose the mortgage given to secure it, the defendants claim that the plaintiff had thereby waived and abandoned her claim under the mortgage.

In the appeal from the disallowance of the note, the administrator did not appear and did not testify. The defence was by the brothers of the plaintiff, Gerrish P., who claims title to the real estate mortgaged to the plaintiff as security for her note, and Thomas P., a creditor of the estate of Eliza.

*Copeland & Edgerly*, for the defendants. The plaintiff should not have been allowed to testify to anything which was within the knowledge of the deceased. *Moore* v. *Taylor*, 44 N. H. 375; *Chandler* v. *Davis*, 47 N. H. 465.

*Wheeler*, for the plaintiff. The administrator was a nominal party merely. He did not appear, and made no defence. The Drew brothers were the parties in interest. They made the defence, they were the adverse party, and they elected to testify. This gave the plaintiff the right to testify.

STANLEY, J. Upon the facts found by the referee, it was a proper exercise of discretion to allow the plaintiff to testify. The

administrator did not appear, nor make any defence. The real defendants were the plaintiff's brothers, but they did not represent the estate. They appeared to protect their own interests, and the case may be fairly treated as a suit between the plaintiff on one side and her brothers on the other. But if it be said that they represented the estate, the result is the same, for they elected to testify, and the plaintiff only testified in rebuttal.

The reasons for permitting a party to testify where the adverse party is an executor or administrator, and the circumstances under which it may be done, are stated in *Moore* v. *Taylor*, 44 N. H. 375, *Chandler* v. *Davis*, 47 N. H. 465, *Brown* v. *Brown*, 48 N. H. 90, *True* v. *Shepard*, 51 N. H. 501, *Stearns* v. *Wright*, 51 N. H. 600, 611, and *Perkins* v. *Perkins*, 58 N. H. 405. This case falls within the principle of those cases.

The other question is, whether presenting the note to the commissioner was a waiver of the mortgage to secure it. The referee has not found an intention on the part of the mortgagor to waive her claim under the mortgage. Prior to the Revised Statutes, the claimant, holding a mortgage as security for his debt, could have his claim allowed in full, and, after taking the dividend, hold the mortgage as security for the balance. *Moses* v. *Ranlet*, 2 N. H. 488. On the revision of the statutes in 1842, the provision, substantially as now existing, was incorporated into the statutes; and now the claimant, holding security of less amount than his debt, may present his claim to the commissioner, and it is made his duty to estimate the value of the security, and allow the difference between the amount of the debt and the value of the security as a claim against the estate. Rev. Sts., c. 162, s. 10; G. L., c. 199, s. 10.

These provisions show that it was not understood by the legislature that presenting the claim was a waiver of the security. The fact that in this case there was no estimate of the value of the security is not material, for the commissioner disallowed the claim upon the ground of the incapacity of the deceased to make the note secured by the mortgage.

In view of these facts, the first case should be recommitted to the referee to find the value of the security, and the difference between that and the amount due on the note should be certified to the probate court and entered on the list of claims against the estate; and in the second case, the plaintiff should have conditional judgment as of mortgage for the demanded premises.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.