FOSTER & a., *Ex'rs, App'ts,* v. CLARK, *Adm'r.*

The right of appeal given by Gen. Laws, *c.* 200, *s.* 1, to any creditor of an insolvent estate who is dissatisfied with the decision of the commissioner upon any claim by him exhibited, is not affected by the refusal of the creditor to testify in support of such claim.

APPEAL, from the commissioner of insolvency, disallowing certain claims presented by the appellants, as executors of one Foster, against the estate of one Fellows, of which the defendant is administrator.

At the trial term the defendant moved to dismiss the appeal because the appellants, although duly requested, refused to testify in support of the claims after their due presentation to the commissioner, or to produce any books or papers of Foster's relating thereto; and that consequently the claims were disallowed by the commissioner.   The court denied the motion, and the defendant excepted.

*Clough & Clark* and *G. Y. Sawyer*, for the plaintiffs.

*C. R. Morrison,* for the defendant.   The commissioner was appointed " to examine all claims exhibited to him, and allow those

which, upon such examination, he should find to be just." To enable him to make a proper examination, the statute gave him power, if he deemed it expedient, " to examine on oath the creditor." He did deem it expedient, and notified the creditors to appear and testify, which they refused to do, and he disallowed the claims, not upon an examination, but because of their refusal to appear before him. Having by their refusal made it impossible for him to examine the claims, they should be deemed to have withdrawn them. They were properly put out of court, so to speak, just as every party must be who refuses to comply with the reasonable orders of the tribunal before which the matter is pending. *Colburn* v. *Pomeroy*, 44 N. H. 19. Any other construction of the statute would be a burlesque upon its requirements. The statute says that any creditor dissatisfied " with the decision of the commissioner upon any claim by him exhibited, may appeal therefrom." But there can be no decision upon a claim where the creditor renders such decision impossible by refusing to appear. The decision intended is one upon the merits and justness of the claim; or, at least, it is a decision by a tribunal who has an opportunity thus to decide, and such opportunity was refused. A party cannot defy the legislature in this way and retain a standing in court. The statute says he shall appear and testify; and when he says he will not, he abandons his claim.

BLODGETT, J. There was no error in the denial of the motion. "Any creditor dissatisfied with the decision of the commissioner upon any claim by him exhibited, may appeal therefrom." G. L., *c.* 200, *s.* 1. This language is too plain and unequivocal to admit of but one construction, which is, that any creditor of an insolvent estate, who has duly exhibited his claim to the commissioner thereon, may, if dissatisfied, appeal from the decision of such commissioner.

Having so exhibited their claim, the appellants were under no legal obligation to incur the expense of a hearing before a tribunal not of their selection, and not possessed of final jurisdiction. Nor is it material that the claim was rejected because the appellants refused to testify in its support; for while commissioners have power, if they deem it expedient, to examine creditors on oath (G. L., *c.* 199, *s.* 6), and may in their discretion properly disallow the claim of a creditor who declines to submit to an examination, yet it cannot be fairly held, in view of the statute first cited, that such declination operates as an abandonment of his claim, or as a bar to his right of appeal; and certainly not in a case like this where the claim was presented by the appellants in their representative capacity, and concerning the history or merits of which it is not to be presumed they had any personal knowledge. On the contrary, it is enough for them to show that the claim was duly exhibited to the commissioner, and disallowed by him in whole or in part; and

this being admitted, nothing is alleged in the motion which debars the prosecution of this appeal in the appellate court.   See *Dyer* v. *Stanwood*, 7 N. H. 262.

*Exception overruled.*

All concurred.