JANE L. PREBLE, appellant in probate, vs. HARRIET R. PREBLE.

Hancock.    Opinion May 1, 1882.

*Executors and administrators.    Witnesses.*

An executor or administrator cannot testify in his own behalf in support of his private claim against the estate, which he nominally represents, but which in that instance is the real defendant against which he is proceeding as plaintiff.

ON REPORT of the presiding justice.

An appeal from the allowance of Harriet R. Preble's alleged private account, she being the administratrix of her late husband, Benjamin Preble ; the appellant, herself an heir, appearing for his heirs.    The estate had been represented insolvent and commissioners appointed.

As to the charges for personal property (not money) the defence was the statute of limitations ; six years elapsed after the charges and before the death of the intestate, which occurred on January 26, 1879, the claimant was his wife during that period of time.    If those charges are legally barred by the statute of limitations, they are to be stricken from the claim.    If not thus barred, or if it is a matter of discretion with the trial court, whether such a defence shall be allowed or not, then as to those items a trial is to be had.

As to the remaining items (for money,) the heirs contended that a claim for them cannot be legally sustained, against their objection to the admission of such evidence, by either her own testimony or by her affidavit accompanying the claim.    If that be so, then those items were to be expunged from the account. But if otherwise, or if it be a matter of discretion with the trial judge to admit such evidence or not, then as to those items a trial is to be had.

Upon a decision by the law court of the law questions presented, the case to be remanded to the trial court, for an arrangement and settlement of the case accordingly.

*E. Hale* and *L. A. Emery*, for the appellant, cited: *Eveleth*
v. *Crouch*, 15 Mass. 307; *Withee* v. *Rowe*, 45 Maine, 571; R.
S., c. 82, § 87; 1 Whart. Ev. 466; *Warner* v. *Fowler*, 8 Md.
25; *Ela* v. *Edwards*, 97 Mass. 318; *Morse* v. *Page*, 25 Maine,
496; *Gould* v. *Carlton*, 55 Maine, 511.

*A. P. Wiswell*, for the administratrix.

The claim of an administrator against an insolvent estate is to
be examined and allowed by the judge of probate, and by him
annexed to the list of claims. R. S., c. 66, § 8, that involves
an examination of the claimant. Other creditors in case of an
appeal in relation to their claims may be examined on oath as
before the insolvent commissioners, and thus become a witness
in their own behalf in the discretion of the court. R. S., c. 66,
§ 15; *Gould* v. *Carlton*, 55 Maine, 511.

Where the appeal is from the allowance of an administrator's
account the same proceedings must be had before the justice of
the supreme court of probate as before the judge of probate.

Counsel further argued the question of the statute of limitations.

SYMONDS, J. The administratrix of an insolvent estate, on
appeal by an heir from the allowance in the probate court of her
private claim against the estate, seeks to sustain it by her own
testimony.

Is she a competent witness?

"The rules of evidence in special proceedings of a civil nature,
such as before . . . . . courts of probate, shall be the same
as herein provided for civil actions." R. S., c. 82, § 89; *Withee*
v. *Rowe*, 45 Maine, 585.

"Nor have we more enlarged jurisdiction for the application
of principles of equity, when exercising appellate authority as a
court of probate, than we should have as a court of common law;
for the rules of evidence, as well as of property, bind us equally
in either capacity, except where by statute a difference is made."
*Eveleth* v. *Crouch*, 15 Mass. 309.

It is clear that the testimony of the administratrix, a party to
the record and directly interested in the event of the suit, is
excluded by the common law. The statute which forbids the

excuse or exclusion of witnesses on these grounds does not apply generally to cases in which one of the parties is the legal representative of a deceased person, but on the contrary usually excludes the survivor from testifying in his own favor, when the death of the other party to the contract or cause of action has rendered it impossible to have his evidence at the trial. In the excepted cases, in which the statute applies, notwithstanding the death of the adverse party, there is no provision that an executor or administrator, presenting a private claim against the estate, may testify in his own behalf in its support, adversely to the estate which he nominally represents, but which in that instance is the real defendant against which he is proceeding as plaintiff. The statute does not make the administratrix a competent witness, in this proceeding.

In *Ela* v. *Edwards*, 97 Mass. 318, it was held that an executor is not a competent witness in his own behalf to sustain a claim for services rendered to the testatrix in her lifetime. "The party plaintiff to the contract in issue and on trial, as well as the plaintiff of record, was the appellant in his individual right. The party defendant was the estate, of which the appellant was the executor, but which was necessarily represented in this proceeding by the party objecting to the appellant's claim. The statute regulating the competency of parties to the record as witnesses applies equally to probate proceedings and to actions at law. The fact that the appellant was obliged to make his individual claim by stating it in his account rendered to the court of probate, instead of in a declaration in an action at common law, gave him no right to testify in his own favor since the death of the person whom he alleged to have made the contract which was the foundation of the claim." *Higbee* v. *Bacon*, 8 Pick. 483 ; *Bailey* v. *Blanchard*, 12 Pick. 165 ; *Granger* v. *Bassett*, 98 Mass. 468.

The duty of the executor or administrator to verify his account by oath, the power of the probate court to subject him to examination under oath, upon matters concerning his relations to the estate, his accounts and administration, are well recognized by the decisions cited. These result from his acceptance of the trust

over which that court has supervision; or come directly by statute. They gave him no advantage as a witness, when he assumes the position of creditor of the estate. *Higbee* v. *Bacon*, 7 Pick. 14; *O'Dee* v. *McCrate*, 7 Green. 467; *Pope* v. *Jackson*, 11 Pick. 117; *Bradley* v. *Veazie*, 47 Maine, 85; *Sigourney* v. *Witherell*, 6 Met. 558; *Gould* v. *Carlton*, 55 Maine, 511.

As the statute of limitations is not urged in argument as a defence, it may properly be assumed that the lapse of time, during coverture, would not bar any items otherwise valid and proved.

> *According to the terms of the report*
> *the case is remanded for trial.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.