BERRY *v.* McARDLE, *Adm'r.*

In a suit against an administrator who does not elect to testify, the plaintiff cannot testify to facts known only to him and to the deceased unless it clearly appears that injustice may be done without his testimony.

BILL IN EQUITY, founded on Gen. Laws, *c.* 193, *s.* 22, to recover compensation for labor and services alleged to have been performed

by the plaintiff for the deceased. The administrator did not elect to testify. The plaintiff testified, in substance, that in 1834, when about twelve years old, she began to live in the family of the deceased, and remained there the greater part of the time till about four years before his death in 1874; that when not there she worked in other families, receiving from $1.75 to $5 per week; and that when she was in his family she had the care of the house most of the time, and did most of the work. Other witnesses testified to the fact of her working there and to the character of her work. The plaintiff offered to prove by her own testimony what the bargain was between her and the deceased as to her compensation. The testimony was excluded on the ground that it related to matters wholly within the knowledge of the witness and the deceased; and the plaintiff excepted.

*W. Towle* (and *Bartlett*, of Massachusetts), for the plaintiff.

*J. Hatch*, for the defendant.

STANLEY, J. It does not clearly appear that injustice may be done without the plaintiff's testimony. G. L., c. 228, ss. 16, 17. Its exclusion was equivalent to a finding that justice did not require it, because the fact which she desired to prove was known only to herself and the deceased, and she could not be contradicted by the administrator or by any other witness. The legislature have prohibited the admission of her testimony on the ground that it would put the parties on an unequal footing, and afford an unreasonable opportunity for fraud. For aught that appears, aside from her own testimony (*Harvey* v. *Hilliard*, 47 N. H. 551, 553, *Fosgate* v. *Thompson*, 54 N. H. 455), her services may have been gratuitous, or she may have been paid. There was no error at the trial. *Moore* v. *Taylor*, 44 N. H. 370, 374; *Chandler* v. *Davis*, 47 N. H. 462, 464; *Brown* v. *Brown*, 48 N. H. 90; *Drew* v. *McDaniel*, 60 N. H. 480, 482; *Cochran* v. *Langmaid*, 60 N. H. 571.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.