WHITAKER & a., *Ap'ts, v.* MARSH, *Adm'r.*

62   477
71   510

The testimony of a witness on a former trial, who has since become men-
tally incapacitated to testify, is competent in a subsequent trial of the
same action.

On the question whether a sum of money delivered by a wife to her hus-
band was a gift to him, evidence that the husband afterwards loaned the
money, taking a note therefor payable to himself with the knowledge of
the wife, that the husband bought stocks for the wife, taking the certifi-
cates in her name, and that the wife had money deposited in savings-
banks in her own name and in the name of her husband as trustee for
her, is competent.

APPEAL, from the decree of the judge of probate.   Facts found
by the court.   The reasons for appeal are because the appellee
was not charged with $2,000 paid to the deceased by the town of
Salem, and with an item of $472 allowed to the deceased against
the estate of Ruth Whitaker.   The appellants are heirs-at-law of
Hannah Marsh, who was the appellee's wife, and died November
29, 1881.   In February, 1880, Mrs. Marsh was possessed, in her
own right, of some $8,000, invested almost entirely in moneyed
securities.   During that month she received of the town of Salem
$2,066.11, which she kept by her and in her own possession until
shortly before June 17, 1880, when she delivered $2,000 of it, as a
gift, to the appellee, who received and accepted the same as such.
Ruth Whitaker lived with the appellee and his wife several years
before December 1, 1874, when she died.   The appellee was ad-
ministrator of her estate, and presented against it, in the name of
his wife, a claim for her board, &c., amounting to $572, which was
allowed to him in the settlement of his administration account.
After he received the money, he handed to his wife and she re-
ceived $100 of it in full satisfaction of whatever right or interest
she had therein.   There was no evidence touching this item ex-
cepting that of Moses Marsh.

At the hearing had before the judge of probate, July 19, 1882,
upon the settlement of the account of the appellee as administra-
tor, the appellants called him as a witness, and examined him at
length, and he was also examined by his own counsel.   At this
hearing he was not present, and the parties agreed that his mental
condition was such that he was incapacitated to testify.   Subject
to the appellants' exception, the appellee was permitted to show
what his testimony was before the judge of probate.   The appel-
lants also objected that the appellee was not, if present, a compe-
tent witness, because this is a controversy between him and the
estate of his deceased wife.   Before this evidence (minutes of the
appellee's former testimony) was received, one of the appellants

was by his counsel called to the stand, and testified fully to all matters whereof he was inquired, but was not questioned by either party, and did not testify in regard to any transaction with or conversation of the deceased.

June 17, 1880, the appellee loaned the $2,000, given to him by his wife, to one Carlton, taking a promissory note therefor payable to himself. His wife knew of the loan, that the note given therefor was so payable, and made no objection. The appellee was permitted to show that the deceased wife had money deposited in some dozen different savings-banks, and that the deposits stood in her own name, or in that of the appellee as trustee for her, and also that the appellee on one occasion bought stocks with her money and took the certificate in her name. To the reception of this evidence the appellants excepted. The appellee claimed that the gift of $2,000 was made to him prior to June 17, 1880, and there was no evidence tending to show any gift to him after that time. The appellants offered to show declarations of the deceased, not in the appellee's presence, about sixteen months after June 17, to the effect that she never intended to give the $2,000 to the appellee. The evidence was excluded, and the appellants excepted.

*W. W. Stickney* (with whom were *Frink & Batchelder*, and *B. F. Brickett*, of Massachusetts), for the appellants.

*Wiggin & Fuller*, for the appellee.

CLARK, J. The heirs-at-law of Hannah Marsh seek to recover for the benefit of her estate the amount of certain claims made against the administrator of the estate. In this proceeding the functions and powers of the appellee as administrator are suspended, and the estate is represented by the appellants. *Tuck* v. *Nelson*, *ante* 469; *Perkins* v. *Perkins*, 58 N. H. 405; *Ela* v. *Edwards*, 97 Mass. 318. One of the appellants representing the estate having elected to testify, the testimony of the appellee was not excluded by Gen. Laws, *c.* 228, *s.* 16.

As a general rule, the testimony of a deceased witness given on a former trial is competent in a subsequent trial of the same action. *Young* v. *Dearborn*, 22 N. H. 372. In *State* v. *Staples*, 47 N. H. 113, 119, the court say,—" We have not known a practice in this state, where the witness is alive and within the jurisdiction of the court, and in criminal proceedings, to allow the former statements of the witness to be used. . . . The evidence of a witness in the same cause, and at a former trial, is not admissible, until it has been first proved that he is dead." This limitation of the rule is not well founded. The reasons for admitting this class of secondary evidence in the case of a deceased witness, apply with equal force in the case of a witness mentally dead, or incapacitated

by insanity, or loss of mind from any other cause.   If the evidence was otherwise competent, we think the ruling of the court, admitting the testimony of the appellee before the probate court, is sustained by the weight of reason and the preponderance of authority. 1 Gr. Ev., *s.* 163; Whar. Ev., *s.* 177; *Howard* v. *Patrick,* 38 Mich. 795; *Rothrock* v. *Gallaher,* 91 Pa. St. 108; *Marler* v. *State,* 67 Ala. 55 (*S. C.,* 42 Am. Rep. 95), and cases cited.

The evidence that the money of the deceased wife, deposited in savings-banks and invested in stocks, stood in her own name, or in the name of the appellee or trustee, for her, and that the $2,000 was loaned and the note given therefor made payable to the appellee with her knowledge and without objection on her part, was competent as tending to show that she regarded the $2,000 as the money of the appellee.

The declarations of the deceased, not in the appellee's presence, to the effect that she never intended to give the $2,000 to the appellee, being declarations made by the deceased in her own favor, were properly excluded.

*Exceptions overruled, and decree of probate court affirmed.*

CARPENTER, J., did not sit: the others concurred.