TUCK, *Adm'r, Ap't, v.* NELSON.

An administrator acting in his individual right, and against the interest of the estate, as in the settlement of his personal claim or administration account, stands like any other party claiming adversely to the estate. In such case the estate is the defendant, and is necessarily represented by the parties opposing the administrator's claim, and the administrator cannot testify as a matter of right.

PROBATE APPEAL, from a decree upon the settlement of the plaintiff's account as administrator of his deceased wife's estate, charging him with money in savings-banks and six shares of railroad stock standing in her name. The court at the trial term found that the railroad shares were bought with the plaintiff's money, and were gifts from him to his wife, and that he was rightly charged therefor, but that the money in the savings-banks standing in the name of the wife was not her property, but was the property of the plaintiff, and that the decree should be modified accordingly. The plaintiff offered his own testimony to prove that he and his wife did not understand that the shares were given by him to her, and to explain why he took the certificates in her name, claiming that he was entitled to testify, as matter of right, and also on the ground that injustice might be done without his testimony. The court excluded the testimony, and the plaintiff excepted.

Two shares of the railroad stocks were bought May 30, 1863, two, February 3, 1865, and the other two, March 28, 1866, and the certificates were all taken in the name of the wife. The wife died intestate in April, 1870, without children, her mother, one sister, and five brothers, of whom the defendant is one, surviving her. From 1862 until his wife's death, the plaintiff and his wife lived with her mother, and the plaintiff continued to live with her till she died, in July, 1875. In 1872 Mrs. Tuck's mother, sister and two of her brothers signed receipts for one dollar in full for their distributive shares in her estate. In March, 1874, the defendant signed such a receipt after receiving from his mother a letter written at the plaintiff's request, saying he ought to sign it, and giving the reason. September 2, 1875, two of the brothers, William and Joseph, made demand upon the plaintiff for their shares of the property in controversy in this case, and the plaintiff paid them $150 each, for the purpose, as he alleged, of avoiding their threatened lawsuit. The plaintiff was cited to settle an account, August 27, 1880, when, on the defendant's motion, he was charged for the railroad shares and savings-bank deposits which he had transferred from his wife's name to his own. From the fact that the defendant signed the receipt in 1874, after receiving the letter from his mother, and that William and Joseph never signed such receipts as the others did, but did not demand their shares of the property in controversy until after their mother's death, the court finds that the mother thought the plaintiff ought to have the railroad shares because his money paid for them, and that she believed Mrs. Tuck left no estate except a small amount of which an inventory was returned, and that, in consequence of her belief and her influence, William, Joseph, and the defendant refrained from pressing any claim until after her death. The number and dates of the certificates, in the absence of all explanation, are inconsistent with the purpose alleged in the reasons of

appeal, of saving the expense of revenue stamps. The defendant testified in the probate court, but was not present at this trial. His brother Joseph was present, but did not testify.

*Marston & Eastman*, for the appellant.

*Wiggin & Fuller*, for the appellee.

CLARK, J. The question presented is, whether the plaintiff should have been permitted to testify as to the understanding between him and his wife as to the ownership of the shares of stock of which she had the legal title, either as a matter of right or discretion, to prevent injustice. It is said in *Moore* v. *Taylor*, 44 N. H. 375, and affirmed in *Chandler* v. *Davis*, 47 N. H. 462, 464, that the design of the provision in the statute which excludes the survivors from testifying against the estate of a deceased party is to place the parties upon equal footing, and not allow the living party to a trade or transaction to be a witness in relation to it, when the other party to the same transaction, being dead, cannot testify. An application of this test to the present case shows it to be clearly within the reason and spirit, if not within the strict letter, of the statute. This exception to the general rule allowing parties to testify was intended for the protection of the estate of the deceased party, and not for the personal advantage of the administrator, and the surviving party is prohibited from testifying, not against the administrator personally, but against the estate which he represents. When an administrator is a party in his official capacity, he may testify, and permit the adverse party to testify, at his election, because he represents the estate of the deceased party, and the statutory exception being for the benefit of the estate, the administrator may waive it. But when the administrator acts in his individual right and against the interest of the estate, as in the case of the settlement of his personal claim or administration account, he stands like any other party claiming adversely to the estate. In such cases the estate is the defendant, and is necessarily represented by the parties opposing the claim as creditors, heirs, or legatees, and the administrator cannot testify as a matter of right. *Perkins* v. *Perkins*, 58 N. H. 405; *Ela* v. *Edwards*, 97 Mass. 318; *Preble* v. *Preble*, 73 Me. 362. It is suggested in argument that the contest in the present case is between living parties as to the ownership of the property in controversy, and therefore the case is not within the statutory prohibition. This suggestion is not well founded. The money and stocks standing in the name of the wife at the time of her death, and apparently a part of her estate, are claimed by the appellant as his property. The contest is between the plaintiff and the estate; the facts relating to the title to the property were within the knowledge of the deceased, and the claim of the plaintiff to testify as a matter of right was properly denied.

The rule governing the court in the exercise of the discretionary power conferred by the statute, to admit the surviving party to a transaction to testify to prevent injustice, is stated in *Chandler* v. *Davis,* 47 N. H. 462, 465, and has been approved and followed in numerous subsequent cases. In *Chandler* v. *Davis, Perley,* C. J. says, "we think that for ordinary cases the safe guide and the decisive test is found in the inquiry whether the deceased, if alive, could testify to the same matters. The intention evidently was, to guard the exercise of the discretion, permitted by the act of 1865, against the danger of admitting the survivors to testify when it would cause the inequality and injustice excluded by the positive and unqualified exception in the former statute. The language used for that purpose is strong and emphatic. It must appear clearly to the court that actual fraud or injustice would be the consequence of excluding the survivor, and the exercise of this discretion may, in all cases, be revised by the whole court. It was undoubtedly intended that the discretion given in such terms and with such limitations should be exercised with caution and reasonable strictness, and not so loosely as to infringe on the general principle that the surviving parties shall not testify to matters which were within the knowledge of the deceased, and to which he might have testified if he were alive." In the facts reported in this case there is nothing to take it out of the general rule. It is urged as a reason why the plaintiff should have been admitted to testify, that no other person living has any knowledge of the facts to be proved, and the true ownership of the money and stocks in controversy. This fact is a substantial reason for excluding the testimony rather than for admitting it. *Chandler* v. *Davis, supra; Harvey* v. *Hilliard,* 47 N. H. 551; *Brown* v. *Brown,* 48 N. H. 90; *True* v. *Shepard,* 51 N. H. 501. As a further reason, it is urged that the appellee released all claim to his sister's estate for the sum of one dollar, and unreasonably delayed instituting proceedings to charge the appellant as administrator with the property in controversy until after the death of the mother, thereby misleading the appellant, and causing him to neglect to obtain and perpetuate the evidence of his ownership of the property. This is a claim of estoppel, to which it is a sufficient answer that the essential element of concealment is wanting. All the facts were known to the appellant, and the release was given at his request. Besides, the acts of the appellee in delaying proceedings or releasing his distributive share could not bind the estate or the other heirs-at-law. We think the testimony of the appellant was rightly excluded, and that he should be charged, as administrator, for the six shares of stock, and not for the money in the savings-banks.

*Exceptions overruled, and decree of the probate court modified accordingly.*

DOE, C. J., did not sit: the others concurred.