Rockingham, }
    June, 1895. }

### PERKINS, *Adm'r, v.* PERKINS & a.

In a suit by an administrator to recover a bank-book of one who claims it as executrix and sole legatee, the defendant will not be permitted to testify as to conversations and transactions between the testator and intestate, if the administrator does not elect to testify.

An executrix cannot interpose the statutory limitation of three years in bar of a suit arising out of the transactions of the testator, but brought against her in her private capacity.

BILL IN EQUITY, filed December 16, 1892, by Langdon M. Perkins, administrator of the estate of Mary A. Perkins, against Elizabeth A. Perkins and the Portsmouth Savings Bank. Facts found by the court.

Mary A. Perkins died February 13, 1888, and the plaintiff was appointed administrator of her estate, January 14, 1892. At the time of her death she was the owner of a deposit in the Portsmouth Savings Bank and of a sum of money. During her lifetime, her son, George A. Perkins, obtained possession, without right, of the bank-book representing this deposit, and held it until his death. Elizabeth A. Perkins is executrix of his will,

having been appointed in January, 1889, and the sole legatee and devisee. She now holds the deposit-book, and claims the funds as part of the estate of George A. Perkins. Before the death of Mary A. Perkins, she obtained possession, without right, of the sum of money belonging to the former, and now claims it by reason of some transaction between them.

The plaintiff did not elect to testify. The defendant Perkins, offered to testify in regard to conversations and transactions between her husband and Mary A. Perkins with respect to the bank-book, and also as to certain matters between herself and Mary A. with respect to the money. As she claimed the deposit as executrix and sole legatee, and the money in her own right, her testimony was excluded, and she excepted. She then asked to be allowed to testify to those matters, on the ground that injustice would otherwise be done. The court found that no injustice would be done without her testimony, and rejected it, to which she excepted. She also contended that the suit could not be maintained on account of the statute of limitations, not having been brought until more than three years after her appointment as executrix. Decree for the plaintiff.

*Calvin Page,* for the plaintiff.

*Samuel W. Emery,* for the defendant, Perkins.

*John S. H. Frink,* for the Portsmouth Savings Bank.

BLODGETT, J. The offer of the defendant to testify to conversations and transactions between her deceased husband and the plaintiff's intestate was alike properly rejected as a matter of law and of discretion, under the statutory provisions excluding the testimony of the adverse party in respect to facts which occurred in the lifetime of the deceased, where an administrator or executor is a party of record or a party in interest, unless the administrator or executor elects so to testify, or it clearly appears to the court that injustice may be done without the testimony of the other party. P. S., c. 224, ss. 16–18; *Chandler* v. *Davis,* 47 N. H. 462, 465; *Harvey* v. *Hilliard,* 47 N. H. 551, 553; *True* v. *Shepard,* 51 N. H. 501, 502; *Hoit* v. *Russell,* 56 N. H. 559, 563; *Drew* v. *McDaniel,* 60 N. H. 480, 482; *Tuck* v. *Nelson,* 62 N. H. 469, 471, 472; *English* v. *Porter,* 63 N. H. 206, 215. In brief, there is nothing in the reported facts to take the case out of the general rule that ordinarily "the safe guide and the decisive test is found in the inquiry whether the deceased, if alive, could testify to the same matters."

The suit being against the defendant in her private capacity, she cannot interpose the statutory limitation of three years

(P. S., *c.* 191, *s.* 4) in bar of its maintenance; nor could she if it were against her in her official capacity as executrix of her deceased husband's will, the suit having been brought "within two years after the original grant of administration" upon the estate of the plaintiff's intestate, in whose favor the right of action against the husband existed at the time of her death. *Ib., s.* 6; *Brewster* v. *Brewster*, 52 N. H. 52, 59; *Morse* v. *Whitcher*, 64 N. H. 591, 592.

*Exceptions overruled.*

WALLACE, J., did not sit: the others concurred.