Coos,  }
Dec. 6, 1904.  }

PARSONS *v.* WENTWORTH *& a.*

Where one member of a defendant partnership is dead, it is a proper exercise of discretion to permit the plaintiff to testify as to facts known only to himself and the surviving partner.

The inadvertent admission of immaterial evidence which has no prejudicial effect does not furnish sufficient cause for setting aside a verdict.

The rights and equities of the acceptors of a written order for the payment of money are dependent upon the terms of the order itself, and cannot be varied by evidence of a verbal agreement with the payee for further protection.

ASSUMPSIT, upon an order dated July 8, 1889, drawn by John S. Capen upon John W. Drew and Wentworth & Drew in favor of the plaintiff, for "whatever sum may be due me on settlement between me and said Parsons, providing there be due me that sum from you," and accepted, "Wentworth & Drew by John W.

Drew." Trial by jury and verdict for the plaintiff. Transferred from the February term, 1904, of the superior court by *Chamberlin*, J. The firm of Wentworth & Drew was composed of Wesley Wentworth and John W. Drew. Wentworth died after the action was begun, and the executrix of his will appeared.

The plaintiff was allowed to testify, subject to exception, to facts and circumstances shown to be within the knowledge of himself and the surviving partner only. He was also allowed to testify that he had no recollection of receiving any communication from either Drew or Wentworth after the order was accepted and before Wentworth brought a certain action. The defendants excepted to the latter testimony on the ground that Wentworth, if alive, could testify relating to the matter, so far as it concerned him.

The defendants' offer of testimony of a conversation between the plaintiff and Drew at the time of the acceptance of the order, to the effect that the rights and equities of Wentworth and Wentworth & Drew should be protected, was rejected subject to exception.

*James I. Parsons, pro se,* and *Herbert I. Goss,* for the plaintiff.

*Thomas F. Johnson* and *Drew, Jordan, Buckley & Shurtleff,* for the defendants.

CHASE, J. In the original statute removing the common-law disqualification of the parties to actions to testify, the exception was made that when one of the parties was an executor or administrator the adverse party should not be allowed to testify, unless the executor or administrator consented thereto, or testified himself. Laws 1857, *c.* 1952; Laws 1858, *c.* 2090. In *Moore* v. *Taylor,* 44 N. H. 370, decided in December, 1862, the question was whether the creditor of a deceased person had the right to testify upon his appeal from the disallowance of a part of his claim by the commissioner appointed to allow claims against the estate. It was held that, under the law as it stood prior to the enactment of the statute, the creditor was not permitted to testify in such cases as a matter of right, but only when allowed by an exercise of the court's discretion. In discussing the question of discretion, the court refer to the statute and attribute the introduction of the foregoing exception to an intent on the part of the legislature " to place the parties on an equal footing." After pointing out the inequality and injustice that would result if the creditor were not allowed to testify concerning a transaction which took place between him and an agent of the deceased, while the

agent was allowed to testify, and suggesting that this result may be avoided in cases like that under consideration by an exercise of discretion, the court say: "It might be useful to give the courts the same discretionary power in all cases where one party is an executor or administrator, to allow the other party to testify, when the case was clearly one not coming within the principle and reason of the rule on which this class of exceptional cases stands." They further say: "Ordinarily, as our law now stands, we should not think it a sound and proper exercise of discretion, on the part of either court or commissioner, to hear one party testify in relation to a contract or transaction between him and the deceased, and when there was no other party present and no one who knew aught of the transaction but the creditor and the deceased; but cases often occur in which the discretion might be properly exercised, as in the one we have supposed."

In 1865, the year following the publication of the opinion in *Moore* v. *Taylor*, the statute of 1858 was amended by introducing into it substantially the provision now in force, namely: "When it clearly appears to the court that injustice may be done without the testimony of the party in such case, he may be allowed to testify; and the ruling of the court, admitting or rejecting his testimony, may be excepted to and revised." Laws 1865, *c.* 4074; P. S., *c.* 224, *s.* 17. *Perley*, C. J., in *Chandler* v. *Davis*, 47 N. H. 462, 464, decided in December, 1867, in speaking of the statutes of 1858 and 1865, says: "We have in *Moore* v. *Taylor* a clear and unquestionably a correct explanation of the reason for the provision of the statute which excludes a party from testifying where his adversary is an executor or administrator, and also what I think will be found a safe guide in exercising the discretion given by the subsequent statute of 1865, which came soon after the publication of the report in *Moore* v. *Taylor*, and is likely enough to have been passed in consequence of the suggestion found in that case." He further says: "If the fact in dispute was not known to the deceased, and was known to a third person who might be a witness, the reason on which the exception is founded would not apply, and in such cases there would be nothing unequal or unjust in allowing the survivor to testify. But as a general rule, where the deceased had knowledge of the facts, and might, if living, be a witness, it would be unequal and unfair to allow the survivor to give his uncontradicted and unexplained account of the transaction." This is the interpretation that was frequently and uniformly given to these provisions prior to the time of their amendment in 1889. *Harvey* v. *Hilliard*, 47 N. H. 551; *Brown* v. *Brown*, 48 N. H. 90; *True* v. *Shepard*, 51 N. H. 501; *Ballou* v. *Tilton*, 52 N. H. 605; *Perkins* v. *Perkins*, 58

N. H. 405; *Page* v. *Whidden*, 59 N. H. 507; *Snell* v. *Parsons*, 59
N. H. 521; *Burns* v. *Madigan*, 60 N. H. 197; *Drew* v. *McDaniel*,
60 N. H. 480; *Cochran* v. *Langmaid*, 60 N. H. 571; *Berry* v.
*McArdle*, 62 N. H. 354; *Tuck* v. *Nelson*, 62 N. H. 469; *Welch* v.
*Adams*, 63 N. H. 344; *Clark* v. *Clough*, 65 N. H. 43.

In construing the act of 1865, it was held that an election on
the part of the executor "to testify for any purpose or to any
extent whatever" gave the adverse party a legal right to testify
generally. *Dow* v. *Merrill*, 65 N. H. 107; *Ballou* v. *Tilton*, 52
N. H. 605. By this construction the surviving party was enabled
to testify to facts that were within the knowledge of the deceased
party and as to which he could testify if living, provided the
executor elected to testify to facts occurring after the decease of
the testator, or as to which the latter if living could not testify.
It operated in some cases to produce the inequality and injustice
which the exception in the original statute was designed to pre-
vent. The statute of 1889 evidently was passed to obviate the
inconsistency thus introduced into the law. *Stevens* v. *Moulton*,
68 N. H. 254, 255, 256. It changed the above mentioned excep-
tion in the original statute to read in substance as follows, so far
as it is applicable to this case: "When one party to a cause is an
executor, . . . neither party shall testify in respect to facts
which occurred in the lifetime of the deceased, . . . unless
the executor . . . elects so to testify, except as provided in
the following section." Laws 1889, *c.* 74; P. S., *c.* 224, *s.* 16.
The provision of the "following section" (*s.* 17) is in substance
that of the act of 1865. By this change of the law, section 13,
chapter 224, Public Statutes, providing that "no person shall be
excused or excluded from testifying . . . in any civil cause
by reason of his interest therein, as a party or otherwise," was
made to operate in cases in which one of the parties was an exec-
utor, as to all facts which occurred after the decease of the testa-
tor. As to such facts, both parties are allowed to testify as a
matter of legal right; and the executor's election to testify regard-
ing facts so occurring has no effect as a waiver of the disability
still remaining in the surviving party. The disability of the sur-
viving party is limited to testimony relating to facts occurring in
the lifetime of the testator, and the election of the executor to
testify must relate to facts so occurring in order to have the effect
of a waiver. The act of 1889 had no other effect upon the exist-
ing law. *Simpson* v. *Gafney*, 66 N. H. 261. It continued the
authority of the court to allow the surviving party to testify
in the absence of an election by the executor to testify,
when it clearly appears that injustice may be done without such
testimony, by expressly excepting the statutory provision to that

effect from its operation. Now, as prior to the passage of that act, it is a proper exercise of the court's discretion to allow the surviving party to testify to relevant facts occurring in the life-time of the deceased party as to which the latter could not testify if living. The exercise of the court's discretion in this case, in allowing the plaintiff to testify to facts within the knowledge of himself and the surviving partner only, was in accordance with this rule, and the exception thereto must be overruled.

The ruling by which the plaintiff was allowed to testify that he had no recollection of receiving any communication from either Drew or Wentworth after the order was accepted was not author-ized by the rule, so far as the testimony related to Wentworth. Manifestly, he must have had knowledge upon the subject, and if alive could testify concerning it. But as the case has been pre-sented to the court this evidence appears to have been entirely immaterial upon the issues tried. Nor is there anything in the case tending to show that the evidence was prejudicial to the defendants. No reason has been suggested by them why it would have such effect. Its admission appears to have been an inad-vertence, since the prior ruling was in accordance with the law; and the consequent error, appearing to be harmless, furnishes no ground for disturbing the verdict.

The extent to which the rights and equities of Wentworth and Wentworth & Drew were protected depended upon the terms of the written order, and was a question of law. The order could not be varied in this respect by parol testimony. The court's ruling on this point was correct.

*Exceptions overruled.*

All concurred.