Sullivan,   }
Jan. 3, 1911. }

## JORDAN *v.* JORDAN'S ESTATE.

The testimony of an administrator as to facts occurring in the lifetime of his intestate, voluntarily given in a suit against the estate to which he is not a party, does not render the plaintiff a competent witness as to such facts.

An heir-at-law who defends an action brought against his ancestor's estate is the representative of the estate with respect to matters involved in the suit, and is entitled to exercise the election to testify conferred by section 16, chapter 224, Public Statutes.

A claimant against the estate of a deceased person cannot testify as to matters concerning which the decedent had personal knowledge and could have testified if living.

Where a claimant against an estate is erroneously permitted to testify as to facts occurring in the lifetime of the deceased, an exception to the evidence is not waived by a subsequent election of the defendant to testify generally in his own behalf.

APPEAL, from the report of a commissioner in insolvency.    Trial by the court and verdict for the plaintiff.    Transferred from the May term, 1910, of the superior court by *Pike*, J.

Cornelia Jordan died in 1909, intestate, leaving as heirs-at-law two sons, Sherman T. and Parker C., a daughter Mabel, and the children of a deceased daughter.    William H. Sisson is the administrator of the estate.    Mabel is the plaintiff in this action, and her

claim is for money loaned to Cornelia and paid at her request. Parker is the appellant, and the defence to the plaintiff's claim was in fact made by him.

The administrator was present at the trial and was called as a witness by the plaintiff. He testified that he had not been summoned, but elected to testify and did so voluntarily and willingly. He then testified as to one item of the plaintiff's claim and to the following interview with Cornelia just before her death: "She told me how much Mabel had done for her, and said that if Mabel did not get her pay in any other way, she was to make out a bill against her [Cornelia's] estate." The appellant excepted to the admission of the foregoing testimony.

After the administrator's testimony had been received, the plaintiff was permitted to testify to the items of her account and what Cornelia had said respecting the payment thereof, all of which was admitted subject to the appellant's exception. In opposition to the plaintiff's claim, the appellant testified to an agreement or arrangement made between Cornelia and the plaintiff, and also to facts respecting the different items of the account and to other facts that occurred in the lifetime of the deceased.

*Henry S. Richardson* (by brief and orally), for the plaintiff.

*Hosea W. Parker* and *Marshall D. Cobleigh* (*Mr. Cobleigh* orally), for the defendant.

BINGHAM, J. The administrator was properly allowed to testify to facts occurring in the lifetime of the intestate; but by testifying he did not render the testimony of the plaintiff admissible, for he was a stranger to the suit and had no right to control it. *Smith* v. *Wells*, 70 N. H. 49, 52; *Wheeler* v. *Towns*, 43 N. H. 56, 57. The defendant, an heir to the estate, by filing the bond required by section 4, chapter 193, Public Statutes, and prosecuting the appeal, became the legal representative of the estate with respect to the matters in dispute in this suit, and entitled to exercise the election conferred by section 16, chapter 224, Public Statutes. *Bean* v. *Bean*, 71 N. H. 538, 540; *Whitaker* v. *Marsh*, 62 N. H. 477, 478; *Tuck* v. *Nelson*, 62 N. H. 469; *Perkins* v. *Perkins*, 58 N. H. 405.

The plaintiff was not entitled as a matter of right to testify to facts occurring in the lifetime of the intestate. *Stevens* v. *Moulton*, 68 N. H. 254, 257; P. S., c. 224, s. 16. In fact, she was not per-

mitted to testify until after the administrator had testified. This was probably done upon the assumption that the administrator represented the estate in this proceeding and by testifying had waived his right to object to the plaintiff's testimony; but as we have seen, he did not represent the estate, and its admission cannot be sustained upon this ground. The commissioner (*Foster* v. *Clark*, 61 N. H. 29, 31; *Perkins* v. *Perkins*, 46 N. H. 110, 111; *Moore* v. *Taylor*, 44 N. H. 370; P. S., c. 192, s. 7.) and the court upon appeal, in the exercise of the discretionary power conferred upon them by statute (*Parsons* v. *Wentworth*, 73 N. H. 122, 123; *Moore* v. *Taylor*, 44 N. H. 370, 372, 374; *Dyer* v. *Stanwood*, 7 N. H. 261; P. S., c. 224, s. 17), might under certain circumstances have permitted the plaintiff to testify to facts occurring in the lifetime of the intestate; but in this case that power was improperly exercised, if it was attempted, for it appears that the intestate had personal knowledge of the matters about which the plaintiff testified, and if alive could have testified to them herself. *Moore* v. *Taylor*, 44 N. H. 370, 375; *Chandler* v. *Davis*, 47 N. H. 462; *Tuck* v. *Nelson*, 62 N. H. 469, 471, 472; *Simpson* v. *Gafney*, 66 N. H. 261, 262; *Parsons* v. *Wentworth*, 73 N. H. 122, 123.

The question therefore remains whether the defendant, by finally taking the stand and testifying generally, waived his exception to the admission of the plaintiff's testimony. We think he did not. The ruling of the court permitting the plaintiff to testify, though erroneous, was the law of the trial, and the defendant was bound to recognize it as such. *Batchelder* v. *Railway*, 72 N. H. 329, 331. He was not required to stake his case upon the exception, but was entitled to proceed with the trial in conformity to the ruling and still have his rights under the exception preserved. The case presents no elements of estoppel. A different conclusion was reached upon this question in *Tilton* v. *Tilton*, 41 N. H. 479, 481, but we are not inclined to follow it.

*Exception sustained.*

All concurred.